615 A.2d 48

**COMMONWEALTH of Pennsylvania**

v.

**Jesse Franklin TRIMBLE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1992.

Filed Sept. 23, 1992.

Daniel K. Taylor, Lancaster, for appellant.

Henry S. Kenderdine, Jr., Dist. Atty., Lancaster, for Comm., appellee.

Before CAVANAUGH, OLSZEWSKI and MONTGOMERY, JJ.

OLSZEWSKI, Judge.

This is an appeal from the judgment of sentence of the Lancaster County Court of Common Pleas. Appellant, Jesse Franklin Trimble, was found guilty after a jury trial of rape, involuntary deviate sexual intercourse [hereinafter IDSI], incest and corruption of the morals of a minor. The convictions arose out of appellant's sexual contact with his four-year-old daughter. We take up the case below.

Appellant has raised four issues for our consideration. First, appellant argues that the evidence presented at trial was insufficient to establish the penetration element of rape and IDSI. Second, appellant argues that the trial court erred in finding that the child victim was competent to testify at trial. Third, appellant argues that his trial counsel was ineffective for failing to present certain evidence at trial. Fourth,

appellant raises a challenge to the discretionary aspects of his sentence.

Appellant's first argument is that the evidence was insufficient to establish the element of penetration required for rape and IDSI. The standard of review in challenges to the sufficiency of the evidence is well settled.

> In evaluating this contention [*i.e.,* the defendant's challenge to the sufficiency of the evidence], we [must] view the evidence in the light most favorable to the Commonwealth and, drawing all reasonable inferences therefrom favorable to the Commonwealth, determine if there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt.

*Commonwealth v. Carbone,* 524 Pa. 551, 553–554, 574 A.2d 584, 585 (1990) (*quoting Commonwealth v. Stoyko,* 504 Pa. 455, 475 A.2d 714 (1984)). *See also Commonwealth v. Thomas,* 465 Pa. 442, 350 A.2d 847 (1976); *Commonwealth v. D'Angelo,* 401 Pa.Super. 409, 585 A.2d 525 (1991). With this as our standard of review, we find that appellant's arguments surrounding the sufficiency of the evidence are without merit.

▮ To evaluate appellant's challenge to the sufficiency of the evidence, it is necessary to determine what will satisfy the penetration requirement for rape and IDSI. The requirement for rape is "penetration, however slight." 18 Pa.C.S.A. § 3101 (Purdon's supp.1992). It is clearly established that there is no requirement that penetration reach the vagina or "farther reaches of the female genitalia...." *Commonwealth v. McIlvaine,* 385 Pa.Super. 38, 47, 560 A.2d 155, 159 (1989) (*quoting Commonwealth v. Ortiz,* 311 Pa.Super. 190, 457 A.2d 559 (1983)) *rev'd on other grounds* 529 Pa. 381, 603 A.2d 1021 (1992). The penetration requirement for IDSI is also "penetration, however slight." 18 Pa.C.S.A. § 3101 (Purdon's supp.1992). It has been held that oral contact with the female genitalia is sufficient to support the penetration requirement for IDSI. *Commonwealth v. Ziegler,* 379 Pa.Super. 515, 550 A.2d 567 (1988). We must determine whether the evidence presented, viewed in a light most favorable to the Common-

wealth as the verdict winner, was sufficient to establish the penetration requirement of rape and IDSI.

The court of common pleas is correct to direct this Court to *McIlvaine* where a panel of this Court examined the sufficiency of the evidence of penetration.

> "[T]he uncorroborated testimony of the victim, if believed by the trier of fact, is sufficient to support a conviction, despite contrary evidence from defense witnesses." ... Further, as to the doctor's testimony that "[t]he medical examination revealed there had not been successful penetration," N.T. at 216, the statute requires only penetration "however slight."

*McIlvaine*, 385 Pa.Super. at 159, 560 A.2d at 159 (citations omitted). Applying the legal principles set forth above, we find that the evidence presented was sufficient to fulfill the penetration requirement of rape and IDSI.

The testimony of the child victim regarding the sexual contact involved is sufficient to support a finding of penetration for rape and IDSI. First, regarding rape, the child victim testified that appellant placed his "wiener" (referring to appellant's penis) in her "tooter" (referring to her vaginal area). N.T. January 9, 1991, at 109–111. Viewing this evidence in a light most favorable to the Commonwealth as verdict winner and allowing all reasonable inferences therefrom, this evidence is sufficient to establish penetration however slight. *McIlvaine.* Second, regarding IDSI, the victim testified that appellant made her suck his "wiener" (referring to appellant's penis) and that the appellant licked her "tooter" (referring to her vaginal area). N.T. January 9, 1991, at 112. Viewing this evidence in a light most favorable to the Commonwealth as verdict winner and allowing all reasonable inferences therefrom, this evidence is sufficient to establish penetration however slight. Accordingly, we find that appellant's argument that there was insufficient evidence of penetration to support rape and IDSI is without merit.

Appellant's second argument is that the trial court erred in finding that the victim was competent to testify. In

this case the victim was four years of age at the time of the crimes and five years of age at the time of trial. The relevant inquiry into the competency of a child to testify is well established in this Commonwealth.

There must be (1) such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering *what it is* that she [he] is called to testify about and (3) a consciousness of the duty to speak the truth.

*Rosche v. McCoy,* 397 Pa. 615, 620–21, 156 A.2d 307, 310 (1959). The determination of a child's competency to testify lies within the sound discretion of the trial court, and such a determination will not be reversed absent an abuse of discretion. *Commonwealth v. Davis,* 394 Pa.Super. 591, 576 A.2d 1005 (1990).

A witness is presumed competent to testify unless proven otherwise. When a proposed witness is under fourteen years of age, however, there must be a searching judicial inquiry as to mental capacity. This inquiry will probe the capacity to communicate, observe and remember, and a consciousness of the duty to speak the truth in proportion to the witness's chronological immaturity.

*Commonwealth v. Stohr,* 361 Pa.Super. 293, 296, 522 A.2d 589, 591 (1987) (citation omitted). Our review is not limited to the trial court's questioning of the child prior to the child's testimony. It is appropriate for an appellate court to look not only to the trial court's questioning of the child prior to the child testifying, but also to the child's actual testimony. *Commonwealth v. Payton,* 258 Pa.Super. 140, 392 A.2d 723 (1978). Applying the well-settled rules of law stated above, we find no abuse of discretion in the trial court's finding that the victim in this case was competent to testify.

The victim in this case was examined by the trial court and counsel prior to testifying in order to determine the victim's competency to testify. N.T. January 9, 1991, at 72–96. After this examination, the trial court found that the victim was competent to testify. The victim then testified regarding the

events underlying this case. N.T. January 9, 1991, at 99–132. We have reviewed all of the victim's testimony and find that the victim was competent to testify in this case. Throughout her testimony, the victim demonstrated an ability to communicate. The victim understood the questions asked of her and formulated intelligent, responsive answers to the questions. Further, throughout her testimony, the victim demonstrated an ability to observe and remember relevant events. Finally, the victim's testimony clearly reflects an appreciation of the duty to tell the truth. N.T. January 9, 1991, at 72–80, 98–102. We find no abuse of discretion in the trial court's finding that the victim was competent to testify.

Appellant's third argument is that his trial counsel was ineffective in failing to call several witnesses and in failing to present certain evidence. The trial court found no merit to appellant's allegations of ineffectiveness and denied appellant any relief without an evidentiary hearing.

Generally, it is presumed that counsel is competent, and appellant bears the burden of establishing otherwise. *Commonwealth v. Williams*, 524 Pa. 218, 570 A.2d 75 (1990). In order to prevail upon a claim of ineffective assistance of counsel, appellant must establish "that the course followed by trial counsel was unreasonable, that another meritorious course was available and that defendant [appellant] was prejudiced by counsel's ineffectiveness." *Id.* Further, the burden is upon appellant to set forth sufficient facts to allow a reviewing court to conclude that trial counsel was possibly ineffective before a case will be remanded for an evidentiary hearing. *Commonwealth v. Petras*, 368 Pa.Super. 372, 534 A.2d 483 (1987). An evidentiary hearing is not a discovery tool at the disposal of appellant for the purpose of developing testimony to support allegations of ineffective assistance of counsel. *Id.* "Moreover, if it is clear that: the allegation lacks arguable merit; an objectively reasonable basis designed to effectuate appellant's interests existed for counsel's actions or inactions; or appellant was not prejudiced by the alleged error by counsel, then an evidentiary hearing is unnecessary."

*Id.,* 368 Pa.Super. at 377, 534 A.2d at 485. Applying these legal principles, we agree with the trial court.

Appellant claims that his trial counsel was ineffective for failing to present evidence that there was no carpet in his living room. Appellant claims that this evidence would have rebutted testimony of the victim that an incident occurred on the carpet in his living room. The trial court found that such evidence was irrelevant in light of the fact that the victim did not testify regarding any incident on the carpet in appellant's living room. We agree. The victim did not testify at all regarding any occurrence on the carpet in appellant's living room. Evidence regarding the lack of carpeting in appellant's living room would have been irrelevant and inadmissible. Since counsel will not be deemed ineffective for failing to present inadmissible evidence, *Commonwealth v. Hutchinson,* 521 Pa. 482, 556 A.2d 370 (1989), appellant's argument that his counsel was ineffective for failing to present evidence of the lack of carpet in his living room is without merit. The trial court, therefore, properly denied appellant relief without an evidentiary hearing.

Appellant next argues that his counsel was ineffective for failing to investigate and present the testimony of five different witnesses. Appellant has set forth the witnesses in an affidavit attached to his supplemental post-trial motion.

a. Jack Mohler, Parole and Probation Officer. Mr. Mohler would testify that I did not try to hide anything and that I called him on January 7, 1991 the day after the issues arose.

b. Sue Danforth, Pennsylvania Legal Services. Ms. Danforth will testify that Carolyn Weber was trying to get [victim] from me and the resulting problems that I had. This would be used to put Carolyn's credibility in issue inasmuch as it would show how she lies and manipulates people.

c. Karen Trimble, my wife. Karen will testify that she did not believe the incident and that she still allowed me to see my son Shane.

d. Candy Snyder, my sister. She saw [victim] on January 5, 1990. Candy would testify that Carolyn Weber would keep the children from her (my sister) and from my side of the family.

e. Faye Kuhns, my sister-in-law. She babysat [victim] the morning after the alleged incident and would testify that [victim] did not give any indication as to abuse. Ms. Kuhns would also testify that [victim] had her pajamas on.

To succeed on a claim that counsel was ineffective for failing to investigate and present testimony of a witness appellant must establish the following:

1) the witness existed; 2) the witness was available; 3) counsel was informed of the existence of the witness or counsel should otherwise have known of him; 4) the witness was prepared to cooperate and testify for appellant at trial; and 5) the absence of the testimony prejudiced appellant so as to deny him a fair trial.

*Petras,* 368 Pa.Super. at 377, 534 A.2d at 485 (citations omitted). We will address each witness below.

■ Appellant claims that his trial counsel was ineffective for failing to present the testimony of appellant's parole officer. Appellant states that his parole officer would have testified that he did not attempt to hide anything. We do not see how this testimony would be relevant. Further, the testimony would be greatly prejudicial in that it would place before the jury the fact that appellant had some prior involvement in the criminal justice system. Since the testimony was not relevant it would not have been admissible, and appellant was not prejudiced by trial counsel's failure to present it. *See Hutchinson.* The trial court, therefore, properly denied appellant relief without an evidentiary hearing.

■ Appellant next claims that his trial counsel was ineffective for failing to introduce testimony of Sue Danforth of legal services. Appellant claims that Ms. Danforth would have testified that appellant and Carolyn Weber were battling over custody of the victim. In this regard some further background is required. Carolyn Weber is the victim's aunt. At

the time of the sexual assault(s), Carolyn Weber was the victim's guardian. The victim reported the assaults to Carolyn Weber shortly after they occurred. Apparently, appellant believes that Ms. Danforth's testimony could somehow impeach Carolyn Weber's testimony regarding the victim's reporting of the crime. Appellant merely makes a bald assertion that Ms. Danforth could testify that Carolyn Weber "lies and manipulates." This is equivalent to stating that a witness could testify in a way that would impeach the testimony of another witness. This is insufficient to support appellant's claim of ineffectiveness. Appellant has not averred sufficient facts to allow this Court to determine that this case should be remanded for an evidentiary hearing on this point. We will not remand this case to allow appellant use of an evidentiary hearing as a discovery tool. *Petras.* The trial court, therefore, properly denied appellant relief without an evidentiary hearing.

■ Appellant next claims that his trial counsel was ineffective for failing to present testimony of his wife, Karen Trimble. Appellant states that Karen Trimble would have testified that she did not believe the allegation of sexual abuse and that she continued to allow appellant to see their son. Appellant appears to argue that this testimony would be admissible as character evidence. This evidence, however, would not be admissible as character evidence.

Pennsylvania cases impose two restrictions on the accused's evidence of good character. First, such evidence must be in the proper form. Second, it must pass a strict test of relevance to the matter on trial. Pennsylvania adheres to the requirement that character evidence be presented in the form of reputation evidence. The Federal Rules of Evidence admit opinion testimony as well as reputation testimony, but Pennsylvania has not adopted this change. Thus, a character witness must be able to testify to the accused's reputation within a particular community. The witness may relate what he or she has heard about the accused, though it must appear that the witness moved in the same circles as the accused. However, the witness does

not have to testify to having heard favorable comments about the accused. It is sufficient if the witness could have heard adverse comment but heard none.

L. Packel and A. Poulin, *Pennsylvania Evidence* Section 404.2 at page 144 (1987) (footnotes omitted). Examining the proposed testimony of appellant's wife, we find that it would not be admissible as character evidence. Appellant's wife would have testified, not that appellant had a good reputation in the community, but rather that she did not believe the accusations against appellant.

 This is not character evidence in Pennsylvania. Even if we were to allow appellant wide latitude in the presentation of character evidence, this evidence would not be admissible. Appellant proposes that his wife would testify to her opinion of whether appellant committed the offenses. This is simply not probative of appellant's character. Appellant's counsel will not be deemed ineffective for failing to present inadmissible evidence. *Hutchinson.* Since this evidence would clearly not be admissible, the trial court properly denied appellant relief without an evidentiary hearing.

 Appellant next claims that his trial counsel was ineffective for failing to present the testimony of his sister, Candy Snyder. Appellant states that his sister saw the child victim on January 5, 1990 (the day before the sexual abuse occurred), and that she would have testified that Carolyn Weber (the child victim's guardian at the time of the abuse) would keep the child victim from his side of the family. We find that appellant has failed to set forth sufficient details regarding the nature of this testimony to allow this Court to conclude that an evidentiary hearing is necessary. *Petras.* We will not remand to allow appellant the use of an evidentiary hearing as a discovery tool. *Id.* The trial court, therefore, properly denied appellant relief without an evidentiary hearing.

 Appellant's final challenge to his counsel's effectiveness is that his counsel was ineffective for failing to present the testimony of his sister-in-law, Faye Kuhns. Appellant argues that Ms. Kuhns would testify that she baby-sat the

child victim the day after the abuse occurred and that the victim did not indicate any abuse to her. As with the testimony above, appellant has failed to set forth sufficient details to allow this Court to conclude that an evidentiary hearing is necessary. *Petras.* We will not remand to allow appellant the use of an evidentiary hearing as a discovery tool. *Id.* The trial court, therefore, properly denied appellant relief without an evidentiary hearing.

 Appellant's fourth and final argument is a challenge to the discretionary aspects of his sentence. Pennsylvania Rule of Appellate Procedure 2119(f) requires an appellant who challenges the discretionary aspects of sentencing to set forth a concise statement of reasons relied upon for allowance of appeal. This statement must raise a substantial question as to the appropriateness of the sentence under the Sentencing Code, 42 Pa.C.S.A. §§ 9701–9781, before we may review the trial court's exercise of discretion. *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Our careful review of appellant's 2119(f) statement indicates that appellant has set forth two challenges to the discretionary aspects of his sentence. We will initially address each challenge to determine if a substantial question has been presented.

Appellant first states that "the sentence on its face was unreasonable and excessive under the circumstances." The terminology employed by appellant states an all-encompassing challenge to the trial court's sentence. This is similar to language such as "overemphasizing" and "failing to adequately consider," which this Court has found to be ineffective in stating a substantial question. *Commonwealth v. Minott,* 395 Pa.Super. 552, 577 A.2d 928 (1990); *Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989) (*en banc*). Appellant's statement in this regard does not set forth factual averments indicating that the fundamental norms which underlie the sentencing process have been compromised. Since appellant has failed to set forth a substantial question, we will not address appellant's claim that the sentence was unreasonable and excessive under the circumstances.

■ Second, appellant states that the sentence appears to violate 42 Pa.C.S.A. § 9721(b) (Purdon's 1982). Appellant has quoted § 9721(b) and stated that his sentence is in violation thereof. The portion of § 9721(b) relied upon by appellant states as follows:

In selecting from the alternatives set forth in subsection (a) the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and on the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b) (Purdon's 1982). Appellant then goes on to state that the trial court focused solely on the seriousness of the offense. We find that appellant has set forth a substantial question in stating that the trial court focused solely on the seriousness of the offense. *Commonwealth v. Bauer*, 413 Pa.Super. 220, 604 A.2d 1098 (1992); *Commonwealth v. Rizzi*, 402 Pa.Super. 335, 586 A.2d 1380 (1991) (*en banc*); *Commonwealth v. Parrish*, 340 Pa.Super. 528, 490 A.2d 905 (1985). *Contra Commonwealth v. Bauer*, (concurring and dissenting opinion by Olszewski, J.); *Commonwealth v. Mobley*, 399 Pa.Super. 108, 581 A.2d 949 (1990). After a careful review of the sentencing transcript, we find that the trial court did not focus solely upon the seriousness of the offense.

Section 9721(b) provides that the imposed sentence should be consistent not only with the rehabilitative needs of the defendant, but also with "the protection of the public" and "the gravity of the offense as it relates to the impact on the life of the victim and on the community. . . ." The trial court's statement of reasons for sentencing insightfully covers the factors set forth in § 9721(b). N.T. Sentencing, November 21, 1991. The trial court considered the seriousness of this offense when determining the sentence, and this is appropriate. Appellant, however, mischaracterizes the trial court's consideration as taking into account only the seriousness of the offense. The trial court considered appellant's extensive

prior criminal record, appellant's lack of any remorse throughout all of the proceedings, the impact of this crime on the victim, appellant's abuse of his position of authority in relation to the victim, the age and education of appellant, and appellant's ability to understand the seriousness of his acts. Further, the trial court considered the pre-sentence report, the mandatory minimum sentence of five years required for the convictions for rape and IDSI under 42 Pa.C.S.A. § 9718 (Purdon's supp.1992) where the victim is under age sixteen, and the sentencing guidelines. Accordingly, we find that the trial court did not improperly focus solely upon the seriousness of the offenses.

Since we find that appellant's arguments are all without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed.