J-A18043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT LEIGHTON CALLOWAY, | : | |
| | : | |
| Appellant | : | No. 1166 MDA 2014 |

Appeal from the Judgment of Sentence entered on February 7, 2014
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-CR-0007774-2012

BEFORE: FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:            **FILED JULY 28, 2015**

Robert Leighton Calloway ("Calloway") appeals from the judgment of sentence imposed following his conviction of three counts each of rape of a child and statutory sexual assault, and one count of corruption of minors.[1] We affirm.

On October 8, 2013, a jury convicted Calloway of the above-mentioned crimes, which he committed on J.B., a minor, when she was twelve-years-old. On February 7, 2014, the trial court sentenced Calloway to serve an aggregate sentence of nine to eighteen years in prison. Calloway filed post-sentence Motions, which the trial court denied. Calloway filed a timely

---

[1] *See* 18 Pa.C.S.A. §§ 3121(c), 3122.1, 6301(a)(1)(ii).

Notice of Appeal and a court-ordered "Statement of Matters Complained of" on appeal.[2]

On appeal, Calloway raises the following questions for our review:

1. Whether the trial court committed reversible error and an abuse of discretion by denying [Calloway's] request for a new trial or failing to dismiss [Calloway] on the basis that the evidence was insufficient for each charge and [the] testimony was so inherently unreliable that a verdict based on it is no more than surmise or conjecture?

2. Whether the trial court committed reversible error and an abuse of discretion by finding that the verdict on each offense was not against the weight of the evidence in light of [Calloway's] character and background evidence?

3. Whether the trial court committed reversible error and an abuse of discretion by admitting hearsay for the truth of the matter asserted from the Commonwealth witnesses[,] which was prejudicial and exceeded probative value[, and] which contributed to [Calloway's] wrongful conviction?

Brief for Appellant at 4 (capitalization omitted).

In his first issue, Calloway contends that the evidence was insufficient to establish penetration beyond a reasonable doubt. *Id*. at 20. Calloway

---

[2] Notably, in his Statement of Matters Complained of, Calloway failed to identify the issues he raises with sufficient specificity. *See* Trial Court Opinion, 10/21/14, at 2, 3, 6. "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686-87. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Id*. at 686 (citation omitted). This Court may find waiver where a concise statement is too vague. *See Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011)*.* Although Calloway's Statement of Matters Complained of is too vague and warrants waiver of his claims on appeal, we decline to find waiver, and will address his claims to the extent that the trial court was able to discern the issues he raises.

argues that J.B.'s testimony is incapable of supporting a guilty verdict because it "was so inherently unreliable and contradictory that it makes the fact[-]finder's choice to believe that evidence an exercise of pure conjecture, bias and speculation." *Id*. at 19. Calloway claims that "J.B. did not make a prompt complaint," "[t]here was no physical or medical evidence showing that J.B. was sexually active or had any damage to her hymen," and "J.B. kept denying abuse until her physically assaultive mother kept pressuring her." *Id*. at 19-20. Calloway asserts that J.B. did not report the assaults to her friends, schoolmates, teachers, relatives or Calloway's wife at the time that the assaults occurred. *Id*. at 20.

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner[,] giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Franklin*, 69 A.3d 719, 722 (Pa. Super. 2013) (citations and quotation marks omitted).

"A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3121(c). A person commits the offense of statutory sexual assault, "a felony of the second degree[,] when that person engages in sexual intercourse with a complainant to whom the person is not married who is under the age of 16 years and that person is ... four years older but less than eight years older than the complainant." *Id*. § 3122(a)(1). The testimony of a complainant need not be corroborated in prosecutions under this chapter. *Id*. § 3106. Further, a person commits the offense of corruption of minors, a felony of the third degree, when

> being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses)[,] corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 ….

*Id*. § 6301(a)(1)(ii).

Here, the record demonstrates that J.B. testified at trial that, on at least three occasions when she was twelve-years-old, Calloway came into her room at night, removed her clothes from the waist down, put on a condom, inserted his penis into her vagina, and had sex with her. N.T., 10/7/13, at 71-76.

Although Calloway contends that the evidence in the case was insufficient because the only evidence of the assaults came from J.B.'s

uncorroborated testimony, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Bishop*, 742 A.2d 178, 189 (Pa. Super. 1999); *see also Commonwealth v. Davis*, 650 A.2d 452, 455 (Pa. Super. 1994) (stating that the uncorroborated testimony of sexual assault victim, if believed by the trier of fact, is sufficient to support convictions, even if the defense presents countervailing evidence); *Commonwealth v. Trimble*, 615 A.2d 48, 50 (Pa. Super. 1992) (stating that the testimony of a child victim is alone sufficient to support a conviction for sex offenses). Moreover, the jury was free to believe J.B.'s version of the events and to disbelieve the character testimony of Elizabeth Smith ("Smith"), the sole witness presented by Calloway. *See Commonwealth v. Karns*, 50 A.3d 158, 165 (Pa. Super. 2012) (stating that the fact-finder is free to believe all, part, or none of the evidence presented).

Based on the evidence presented at trial, viewed in a light most favorable to the Commonwealth, we conclude that the evidence was sufficient to support the jury's determination that Calloway committed the crimes of rape of a child, statutory sexual assault, and corruption of minors.

In his second claim, Calloway contends that the trial court improperly weighed the character testimony of Smith, who testified that Calloway has a reputation for integrity and good morals. Brief for Appellant at 23. Calloway also contends that the trial court improperly weighed J.B.'s testimony and

the text and email exchanges between Calloway and J.B., which the trial court believed to be inappropriate. *Id*. at 23-24. Calloway asserts that the character testimony "is so clearly of greater weight that to ignore it[,] or give it equal weight with all the facts[,] is to deny [Calloway] justice." *Id*. at 24.

Our standard of review for challenges to the weight of the evidence is as follows:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the fact-finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the fact-finder's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Karns*, 50 A.3d at 165 (citation and brackets omitted).

While our review of J.B.'s testimony reveals some inconsistencies, her above-referenced trial testimony demonstrated that Calloway raped her on at least three occasions. The jury was free to disbelieve J.B.'s testimony, but it chose to believe her. *See id.* (stating that the fact-finder is free to believe all, part, or none of the evidence presented). Similarly, the jury was free to disbelieve Smith's character testimony. Accordingly, the trial court

did not abuse its discretion in denying Calloway's challenge to the weight of the evidence.

In his third issue, Calloway contends that the trial court committed reversible error in allowing inadmissible hearsay testimony from Dearrea King ("King") regarding statements made to her by J.B. Brief for Appellant at 26. Calloway asserts that King's hearsay testimony was admitted as substantive evidence for the purpose of bolstering J.B.'s testimony that Calloway had raped her, resulting in prejudicial error. *Id*. at 27. Calloway claims that J.B.'s statements, as related by King, "were not admissible as a prior consistent statement as an exception to the hearsay rule." *Id*. at 26. Relying on Pa.R.E. 613(c) (Witness's Prior Consistent Statement to Rehabilitate), Calloway contends that J.B.'s prior consistent statements were not admissible because his "trial counsel did not question J.B. about fabrication, bias, improper influence or motive, or faulty memory, nor did he raise with J.B. an inconsistent statement." Brief for Appellant at 26-27.

Our review of the record discloses that King testified at trial regarding two separate statements made to her by J.B. N.T., 10/7/13, at 125-27. Whereas the first statement was inconsistent with J.B.'s trial testimony that Calloway raped her on at least three occasions, the second statement was consistent with such testimony. *See id*.

Regarding the first (inconsistent) statement, King testified that J.B. told her that Calloway had kissed her. N.T., 10/7/13, at 125. When King

began to testify that she thereafter questioned J.B. as to whether anything else had occurred between Calloway and J.B., Calloway's counsel objected. *See id*. The trial court conducted a sidebar conference, at which Calloway's counsel indicated that he would "be fine with" King's forthcoming testimony if it related a prior *inconsistent* statement made by J.B. *See id*. at 126; *see also id*. (wherein Calloway's counsel limited his hearsay objection to King's forthcoming testimony to the extent that it related a prior *consistent* statement made to King by J.B.). Immediately thereafter, King testified that J.B. initially denied that anything other than a kiss had occurred between herself and Calloway). *See id*. at 127.

Because Calloway's counsel had indicated that he would "be fine with" King's testimony regarding J.B.'s prior contradictory statement, no contemporaneous objection was made to King's testimony regarding the first (inconsistent) statement. *See Commonwealth v. Thoeun Tha*, 64 A.3d 704, 713 (Pa. Super. 2013) (stating that the failure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal). Thus, Calloway's claim in this regard is waived.

Moreover, Calloway's claim on appeal relates solely to King's testimony regarding a prior *consistent* statement made by J.B. Our review of the record discloses that King was further questioned regarding subsequent conversations with J.B. During this questioning, King testified, without objection, that on a separate occasion, J.B. told her pastor and King that

Calloway had raped her on three occasions. N.T., 10/7/13, at 127. However, Calloway's trial counsel failed to object to King's subsequent testimony regarding J.B.'s second statement. *See id*. Accordingly, Calloway has waived any claim pertaining to King's testimony regarding the second (consistent) statement made to her by J.B. *See Thoeun Tha*, 64 A.3d at 713.

However, even assuming that the initial objection lodged by Calloway's counsel was sufficient to extend to King's subsequent testimony, Calloway improperly relies on Pa.R.E. 613(c) in support of his claim. Rule 613(c) is inapplicable to the instant case, as it would only apply to the admission of a prior consistent statement made *by King* to rehabilitate *King's* credibility, and not as substantive evidence. *See* Pa.R.E. 613, cmt. Here, King's credibility was not placed in issue, and the Commonwealth introduced King's testimony as substantive evidence that Calloway raped J.B. Thus, Calloway's reliance on Rule 613(c) is misplaced.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015

- 9 -