J-S49007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF |
|---|---|
| | PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| KINTAE JONES | |
| | |
| Appellant | No. 833 EDA 2015 |

Appeal from the Judgment of Sentence February 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002775-2014

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF |
|---|---|
| | PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| KINTAE JONES | |
| | |
| Appellant | No. 2210 EDA 2015 |

Appeal from the Judgment of Sentence February 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002779-2014

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 14, 2016**

In these consolidated appeals, Appellant, Kintae Jones, appeals from

the judgment of sentence entered February 20, 2015, by the Honorable

Sierra Thomas Street, Court of Common Pleas of Philadelphia County,

---

[*] Former Justice specially assigned to the Superior Court.

following his conviction of Aggravated Indecent Assault, 18 Pa.C.S.A. § 3125(a)(7). Section 3125(a) requires "penetration, however slight." Digital penetration of a victim's labia constitutes such penetration and a victim's uncorroborated testimony is sufficient evidence that penetration occurred. Here, the victim testified—in no uncertain terms—that Jones digitally penetrated her labia. A full discussion follows.

The conviction in question stems from Jones's sexual abuse of the victim, T.W. Jones was the physically abusive, live-in boyfriend of T.W.'s mother, and the abuse extended to T.W. and her siblings. The children lived in abject fear of him.

After years of abuse, authorities removed T.W. and her sister from the home. Finally away from Jones, the girls made statements reporting the abuse. Based on their reports, the police conducted an investigation and Jones was arrested and charged with a slew of sexual and violent offenses.

A jury convicted Jones of Aggravated Indecent Assault among numerous other sexual offenses. On February 20, 2015, the trial court sentenced Jones to a concurrent term of ten to twenty years' imprisonment for the Aggravated Indecent Assault conviction. These timely appeals followed.

Before we proceed to the merits, we must determine whether both appeals are proper. The matter proceeded in the lower court at two docket numbers because there were two victims. Jones filed two appeals. In each

appeal, he raises a single issue: whether the Commonwealth presented sufficient evidence to sustain his conviction for Aggravated Indecent Assault. A review of the record reveals that Jones was only convicted of Aggravated Indecent Assault at docket number CP-51-CR-0002779-2014; he was not even charged with that crime (let alone convicted) at docket number CP-51-CR-0002775-2014. Indeed, the trial court, in its well-written and thorough opinion, finds this issue "moot" for this very reason at docket number CP-51-CR-0002775-2014. Trial Court Opinion, 11/17/15, at 22. Accordingly, we quash the appeal docketed at 833 EDA 2015. We proceed to the merits.

Here, Jones contests only the Aggravated Indecent Assault conviction, claiming that the Commonwealth presented insufficient evidence to sustain the conviction. Specifically, Jones alleges that the Commonwealth did not establish the element of penetration beyond a reasonable doubt. ***See*** Appellant's Brief, at 3.

Our standard of review is as follows.

> [W]hether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test,

the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Hansley***, 24 A.3d 410, 416 (Pa. Super. 2011) (citations omitted; brackets in original).

The relevant statute requires "penetration, however slight, of the genitals…." 18 Pa.C.S.A. § 3125(a). Digital penetration is sufficient to support a conviction. ***See Commonwealth v. Gonzalez***, 109 A.3d 711, 723 (Pa. Super. 2015). Penetration is not limited to penetration of the vagina; "entrance in the labia is sufficient." ***Commonwealth v. Hunzer***, 868 A.2d 498, 506 (Pa. Super. 2005) (citation omitted). If believed by the trier of fact, a victim's uncorroborated testimony is sufficient evidence to prove such penetration occurred. ***See Commonwealth v. Trimble***, 615 A.2d 48, 50 (Pa. Super. 1992).

This conviction arises from an incident that occurred when T.W. was just seven years old. T.W. was watching television with her brothers and sisters downstairs. She went upstairs by herself to use the bathroom. When T.W. got upstairs, Jones pulled her into a bedroom, sat her on the bed, pulled her pants down, and touched her vagina in a circular motion. The prosecuting attorney asked if Jones's hand went inside T.W.'s vagina:

Prosecutor: At any point did any part of [Jones's] hand go inside?

- 4 -

T.W.: No.

Prosecutor: So when you say it didn't go inside, I'm sorry to [*sic*] graphic, [*sic*] go inside the lips at all?

T.W.: Yes.

Prosecutor: It just didn't go in the hole part?

T.W.: Yes.

N.T., Trial, 9/17/14 at 113.

Jones argues that the Commonwealth did not prove the necessary element of "penetration, however slight" beyond a reasonable doubt. Jones asserts that the Commonwealth asked a "confused [*sic*] compounded leading question" to establish the element of penetration. Appellant's Brief at 7 (unnumbered). As a result, T.W.'s response, according to Jones, "was unclear." ***Id***. Jones contends that the Commonwealth's burden of proof "rests on this single question and answer" that Jones calls "confusing at best." ***Id***., at 10.

To begin, there is no record of any objection being raised at the time of questioning. If the prosecutor asked a leading question, the appropriate time to raise an objection would have been at trial, when the questions were raised. ***See*** Pa.R.E. 103(a)(1). It is certainly not now for the first time on appeal. ***See*** Pa.R.A.P. 302(a).

In any event, after review of the transcript, we find that the victim's testimony is clear. The Commonwealth's questions were used to clarify—not

confuse the facts. Each question and answer was clearly delineated in structure and resolution. Far from "unclear," the exchange went into specific anatomical detail. The prosecuting attorney asked if Jones penetrated T.W.'s vaginal "lips," then asked if Jones penetrated T.W.'s vaginal "hole." T.W.'s responses followed logically and coherently. Jones, T.W. testified, digitally penetrated her labia, not her vagina. Under *Hunzer,* this testimony, obviously credited by the jury, was plainly sufficient to support a finding of penetration.

Based on the victim's testimony that Jones's fingers penetrated her labia, we conclude that the evidence was sufficient to support the jury's finding that Jones committed "penetration, however slight."

Judgment of sentence affirmed at 2210 EDA 2015. Appeal quashed at 833 EDA 2015.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2016