J-S78032-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN KEITH CLEMMER, | : | |
| | : | |
| Appellant | : | No. 845 WDA 2017 |

Appeal from the Judgment of Sentence June 1, 2017
in the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001462-2015

BEFORE:  OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 02, 2018**

Brian Keith Clemmer (Appellant) appeals from the judgment of sentence entered June 1, 2017, after he was found guilty of involuntary deviate sexual intercourse (IDSI) with a person unconscious or unaware, and aggravated indecent assault with a person unconscious or unaware.  We affirm.

The trial court summarized the pertinent factual history as follows.

> On February 7[, 2015], Appellant, a person [the victim, H.N.] had known since her childhood, came to her home. Sometime around nightfall, [H.N.] and Appellant left her home in his van and went to a bar.  After consuming "a few shots and one or two mixed drinks[,]" they left the bar around midnight and went to several places before going to Appellant's home. [H.N.] was feeling "sick and dizzy" like she had taken "a sleeping pill or something."
>
> After arriving [at] Appellant's trailer, [H.N.] became sick and vomited.  She then went to [Appellant's] couch to lie down and fell asleep.  Later, she was awakening [*sic*], [H.N.] felt

* Retired Senior Judge assigned to the Superior Court

Appellant "pulling his penis" out of her. Her pants were around her ankles and[] Appellant was pulling up and buckling his pants. She then told him to take her home during which time [Appellant] kept saying he was sorry and apologized over and over.

The Commonwealth next called Trooper James L. Garlick of the Pennsylvania State Police, [] who [had] been assigned to investigate [the] alleged sexual assault, to testify. After interviewing [H.N.] as part of his investigation, [Trooper Garlick] went to [Appellant's residence]. After knocking on the door, Appellant answered the door and allowed [Trooper] Garlick to enter the residence. During the course of his interview with Trooper Garlick, Appellant told him that he had put both his finger and tongue into [H.N.'s vagina]. He also admitted that he rubbed her crotch area with his hands, put his finger inside her, kissed her crotch, and put his tongue inside her vagina. He further admitted that [H.N.] was upset with him.

Trial Court Opinion, 7/12/2017, at 2-3 (citations omitted).

Following a jury trial, Appellant was found guilty of the aforementioned crimes.[1] Appellant filed a post-trial motion, which the trial court denied on March 31, 2017. On June 1, 2017, the trial court sentenced Appellant to four to eight years' incarceration. This timely-filed appeal followed, wherein Appellant presents the following inartfully phrased issues for our review, which we have reordered for ease of disposition.[2]

[1.] That the Commonwealth did not produce evidence beyond a reasonable doubt as to the charge of involuntary deviate sexual intercourse in that the alleged victim gave no testimony of vaginal or anal penetration by anything other than a penis.

---

[1] Appellant was also charged with, but found not guilty of, rape of an unconscious person.

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

[2.] That the Commonwealth did not prove guilt beyond a reasonable doubt that [*sic*] the elements of aggravated indecent assault were not proved through the alleged victim's testimony as the jury did not find her credible and return[ed] a not guilt[y] verdict as to the charge of rape.

[3.] That the [trial] court erred in permitting the Commonwealth [to] question[ Appellant] concerning his interview with Trooper Garlick as it was outside the scope of direct examination and not permiss[i]ble for the Commonwealth to inquire.

Appellant's Brief at 7 (unnecessary capitalization omitted).

Appellant's first two issues challenge the sufficiency of the evidence to sustain his convictions. Accordingly, we bear in mind the following.

[O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Lynch***, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. ***Commonwealth v. Markman***, 916 A.2d 586, 598 (Pa. 2007).

First, Appellant contends the evidence was insufficient to sustain his conviction because the trial court's charge defined IDSI "as a person's

tongue penetrating a sexual organ of a woman. The testimony of [H.N.] was that [Appellant] placed his penis in [her vagina]. She never testified that his tongue came into contact with her [v]aginal area." Appellant's Brief at 13.

A person commits the crime of IDSI with an unconscious person when "the person engages in deviate sexual intercourse with a complainant: … (3) who is unconscious or where the person knows the complainant is unaware that the sexual intercourse is occurring[.]" 18 Pa.C.S. § 3123(a)(3).

> The penetration requirement for involuntary deviate sexual intercourse is "penetration however slight." In addition to its ordinary meaning, the term sexual intercourse is defined as intercourse per *os* or per anus, with some penetration however, slight.
>
>> Therefore, in order to sustain a conviction for involuntary deviate sexual intercourse, the Commonwealth must establish the perpetrator engaged in acts of oral or anal intercourse, which involved penetration however slight. In order to establish penetration, some oral contact is required. **See Commonwealth v. Trimble***,* [615 A.2d 48 (Pa. Super. 1992)] (finding actual penetration of the vagina is not necessary; some form of oral contact with the genitalia is all that is required). Moreover, a person can penetrate by use of the mouth or the tongue. **See In the Interest of J.R.,** [648 A.2d 28 (Pa. Super. 1994)], *appeal denied,* 540 Pa. 584, 655 A.2d 515 (1995) (stating "Deviate sexual intercourse is considered to have occurred if one's mouth or tongue penetrates the vaginal area of another").

**Commonwealth v. Wilson**, 825 A.2d 710, 714 (Pa. Super. 2003) (some citations omitted).

The trial court responded to Appellant's claim as follows.

[H.N.] testified as to her condition which led to her becoming sick and falling asleep, and Trooper Garlick testified that Appellant admitted penetrating her vagina with his tongue. Since the trier of fact, while passing upon credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence, the Commonwealth did produce sufficient evidence to sustain its burden.

As to [] Appellant's contention that the evidence was insufficient in that [H.N.] gave no testimony of vaginal penetration of anything other than a penis, it is understandable that a person who was unconscious is unaware and would not know what occurred during that time. Hence, this issue is without merit.

Trial Court Opinion, 7/12/2017, at 5-6.

We agree with the trial court's conclusions. The Commonwealth presented the testimony of Trooper Garlick, who testified that he had a conversation with Appellant and Appellant had admitted that he had, *inter alia*, "put his tongue inside [H.N.'s] vagina." N.T., 3/6/2017, at 40. H.N. further testified that during much of the time she was on the couch where the assault occurred, she was unconscious. *Id.* at 17-18 ("I think I was out for a little while because when I woke up, it was turning daylight"). Based on the foregoing, the testimony, was sufficient to sustain Appellant's conviction.

Next, we address Appellant's claim that the evidence was insufficient to sustain his conviction of aggravated indecent assault. Appellant's Brief at 13. "[A] person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures

commits aggravated indecent assault if: … (4) the complainant is unconscious or the person knows that the complainant is unaware that the penetration is occurring." 18 Pa.C.S. § 3125(a)(4). "Digital penetration is sufficient to support a conviction for aggravated indecent assault[.]" **Commonwealth v. Gonzalez**, 109 A.3d 711, 723 (Pa. Super. 2015).

In support of his claim, Appellant's entire argument is as follows: "the jury's verdict of not guilty to a charge of rape of an unconscious person shows that the jury did not find the alleged victim credible and there was no other evidence except for [A]ppellant's own testimony. The Commonwealth did not produce evidence beyond a reasonable doubt." Appellant's Brief at 13.

Here, Appellant's argument in support of this claim is sparse at best, citing no supporting case law and failing to expound upon his bald assertion that based upon the jury's verdict, the jury found H.N.'s testimony incredible. We find this claimed waived. **See Commonwealth v. Williams**, 959 A.2d 1252, 1258 (Pa. Super. 2008) ("Appellant's failure to properly develop this claim and to set forth applicable case law to advance it renders this issue also waived.").

Regardless, not only is this claim waived, Appellant's argument implicates the weight not the sufficiency of the evidence. **See Commonwealth v. Stahl**, ___ A.3d ___, 2017 WL 5388353 (Pa. Super. 2017) ("[A]ny such credibility conflict would go to the weight, not the

sufficiency of the evidence."). Furthermore, based on the evidence, this issue is meritless.[3] ***See Commonwealth v. Britton***, 134 A.3d 83, 86 (Pa. Super. 2016) ("The trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe **all, part or none of the evidence**.") (citation omitted; emphasis added); ***Commonwealth v. Miller***, 35 A.2d 1206, 1208 (Pa. 2012) ("[U]nder longstanding federal and state law, [inconsistent verdicts] are allowed to stand so long as the evidence is sufficient to support the conviction.").

We address Appellant's final claim mindful of the following. "As provided by the Pennsylvania Rules of Evidence, in general, the scope of cross-examination is limited to the subject matter of the direct examination and matters of credibility. However, the rule specifically notes the trial court retains the discretion to admit other inquiry as it deems proper." ***Commonwealth v. Yale***, 150 A.3d 979, 984 (Pa. Super. 2016) (footnote omitted).

> Cross-examination may be employed to test a witness'[s] story, to impeach credibility, and to establish a witness's motive for testifying. A trial court has discretion to determine both the scope and the permissible limits of cross-examination. The trial judge's exercise of judgment in setting those limits will not be reversed in the absence of a clear abuse of that discretion, or an error of law. It is certainly within the scope of cross-examination

---

[3] Appellant admitted to digitally penetrating H.N.'s vagina. N.T., 3/7/2017, at 117. Further, H.N. testified that she was unconscious for a period of time while lying on the couch, and that she had not, at any time, consented to Appellant touching her body in a sexual manner. N.T., 3/6/2017, at 17-18, 22. This testimony, if believed by the fact-finder, was sufficient to sustain Appellant's conviction.

to ask the witness if she ever made a statement inconsistent with her testimony in court.

***Commonwealth v. Woeber***, ___ A.3d ___, 2017 WL 5184530 (Pa. Super. 2017) (citations and quotation marks omitted). "[A]n abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." ***Commonwealth v. Handfield***, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting ***Commonwealth v. Cain***, 29 A.3d 3, 6 (Pa. Super. 2011)).

Appellant contends the cross-examination by the Commonwealth regarding a conversation that occurred between Appellant and Trooper Garlick was outside the scope of direct examination and therefore, improperly admitted. Appellant's Brief at 10. Specifically, Appellant's argument consists of the following in its entirety:

> [Appellant] was questioned on an interview with Trooper Garlick that was never questioned about on direct. Further Trooper Garlick on his own direct testimony in Commonwealth's case in chief gave an account of the interview with [Appellant]. The Commonwealth[']s purpose in questioning [Appellant] was an attempt to have him explain his interview statement. Permitting this was an abuse of discretion that was highly prejudicial to [Appellant].

***Id.*** at 10-11.[4]

---

[4] At trial, counsel for Appellant objected to the Commonwealth's cross-examination of Appellant regarding his conversation with Trooper Garlick. N.T., 3/7/2017, at 119, 123.

As with his previous issue, Appellant's "argument" in support of this claim is essentially just a bald assertion with no supporting authority, and his failure adequately to develop his issue impedes our ability to address it. Thus, we are inclined to find this issue waived. **See Williams**, *supra.*

Even if we were to find this claim properly preserved for our review, Appellant would still not be entitled to relief. Here, the trial court found, based upon Appellant's testimony during direct examination, that the Commonwealth's inquiry into the conversation he had with Trooper Garlick was "fair." Trial Court Opinion, 7/12/2017, at 4. We agree.

During direct examination, Appellant provided a version of events that somewhat conflicted with Trooper Garlick's testimony. Specifically, Appellant testified on direct examination that when he was rubbing H.N. "she was moaning, you know, enjoying it," and that he had only inserted his fingers into H.N.'s vagina. N.T., 3/7/2017, at 117.

This testimony was contrary to Trooper Garlick's statements on direct examination when questioned about the conversation he had with Appellant. Specifically, Trooper Garlick stated that Appellant had admitted to "rub[ing H.N.'s] crotch area with his hands, put[ting] his finger inside her, was kissing her crotch area[,] and put his tongue inside her vagina." N.T., 3/6/2017, at 40. Trooper Garlick testified that although Appellant told him that he thought H.N. was conscious, Appellant did not relay that H.N. was speaking to him while this was occurring. Instead, Appellant told Trooper

Garlick that H.N. was "mumbling every once in a while but nothing that he could make out." *Id.* at 41.

Based upon the foregoing, we find the trial court did not abuse its discretion by permitting the Commonwealth to cross-examine Appellant regarding his conversation with Trooper Garlick. By providing his version of events on direct examination, the Commonwealth was allowed to inquire about statements made to Trooper Garlick that were inconsistent with Appellant's testimony in an attempt to impeach his credibility.

Furthermore, although Appellant's direct examination did not mention specifically his conversation with Trooper Garlick, the majority of his testimony involved the night with H.N. and his version of what had occurred. Thus, the Commonwealth's questioning of the conversation with Trooper Garlick was merely expanding upon the subject matter raised during direct examination. "Cross-examination of a witness … should be limited to the subject matter of the direct examination and matters affecting credibility; however, the court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination." Pa.R.E. 611(b). No relief is due.

Accordingly, after a thorough review of the record and briefs, we find Appellant has presented no issue on appeal which would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/2/2018