J-S21009-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                  :                PENNSYLVANIA
                  :
         v.                :
                  :
                  :

SHAUNE JAREL THORNE, SR.      :
                  :

       Appellant      :    No. 774 WDA 2019

Appeal from the Judgment of Sentence Entered April 9, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002013-2018

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:         FILED DECEMBER 24, 2020

Shaune Jarel Thorne, Sr., appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County. After careful review, we affirm.[1]

On February 5, 2019, a jury convicted Thorne of aggravated indecent assault of a child,[2] indecent assault—person less than 13 years of age—course

---

[1] On May 29, 2020, this Court issued an order staying disposition of this case pending this Court's en banc decisions in Commonwealth v. Albright, 517 MDA 2019, and Commonwealth v. Poteet, 1456 MDA 2018. In light of this Court's orders of August 5, 2020, vacating the certification orders in those cases, we now lift the stay order and proceed to address the merits of this appeal.

[2] 18 Pa.C.S.A. § 3125(b).

of conduct,[3] corruption of minors–defendant age 18 or above,[4] and indecent exposure.[5] These charges stem from the sexual abuse of the victim, Thorne's granddaughter, between July 30, 2015 and July 30, 2017, when the victim was between the ages of 9 and 11. The victim testified Thorne penetrated her vagina with his fingers, showed her his penis and had the victim touch his penis with her hands. See N.T. Jury Trial, 2/4/19, at 41-63.

On April 9, 2019, the court sentenced Thorne to an aggregate term of imprisonment of ten to twenty years; the Commonwealth advised Thorne, a Tier III offender,[6] that he was required to register as a sexual offender for life pursuant to the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10 et seq.[7] Thorne filed a timely post-sentence motion,

_____

[3] 18 Pa.C.S.A. § 3126(a)(7).

[4] 18 Pa.C.S.A. § 6301(a)(i)(ii).

[5] 18 Pa.C.S.A. § 3127.

[6] Thorne's convictions for indecent assault–course of conduct, 18 Pa.C.S.A. § 3126(a)(7), and aggravated indecent assault, 18 Pa.C.S.A. § 3125(b), are designated as Tier III offenses in SORNA, subjecting Thorne to lifetime registration. See 42 Pa.C.S.A. §§ 9799.14(d)(7), (8). Thorne was not found to be a sexually violent predator (SVP).

[7] SORNA was originally enacted on December 20, 2011, effective December 20, 2012. See Act of Dec. 20, 2011, P.L. 446, No. 111, § 12, effective in one year or Dec. 20, 2012 (Act 11 of 2011). Act 11 was amended on July 5, 2012, also effective December 20, 2012, see Act of July 5, 2012, P.L. 880, No. 91, effective Dec. 20, 2012 (Act 91 of 2012), and amended on February 21, 2018, effective immediately, known as Act 10 of 2018, see Act of Feb. 21, 2018, P.L. 27, No. 10, §§ 1-20, effective Feb. 21, 2018 (Act 10 of 2018), and, lastly, reenacted and amended on June 12, 2018, P.L. 140, No. 29, §§ 1-23, effective

which was denied on April 23, 2019.[8]  On May 22, 2019, Thorne filed a timely notice of appeal.  Both Thorne and the trial court have complied with Pa.R.A.P. 1925.

Thorne raises three issues for our review:

1. Did the trial court err when it denied [Thorne's] post-sentence request for relief on weight of the evidence grounds?

2. Does SORNA's lifetime registration requirement constitute an illegal sentence as the registration/notification provisions constitute punishment and effectively extend [Thorne's] maximum sentence without a jury's finding of the offender's future dangerousness?

3. Does [Thorne's] lifetime registration requirement constitute an illegal sentence as violative of the state and federal constitutional protections against cruel and unusual punishment?

Appellant's Brief, at 7.

_____

June 12, 2018 (Act 29 of 2018).  Acts 10 and 29 of 2018 are referred to collectively as SORNA II.  Through Act 10, as amended in Act 29 (collectively, SORNA II), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I.  Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012.  See 42 Pa.C.S.A. §§ 9799.51-9799.75. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012.  See 42 Pa.C.S.A. §§ 9799.10-9799.42.  Here, Thorne's offenses occurred between July 30, 2015 and July 30, 2017; thus, he is subject to registration under Revised Subchapter H.

[8] See Commonwealth v. Chamberlain, 658 A.2d 395 (Pa. Super. 1995) (order denying post-sentence motions finalizes judgment of sentence for purposes of appeal).

Thorne first argues the verdict was against the weight of the evidence.[9] No relief is due.

As a general rule, "the weight of the evidence is exclusively for the fact finder who is free to believe all, part or none of the evidence and to determine the credibility of the witnesses." Commonwealth v. Champney, 832 A.2d 403, 408 (Pa. 2003). We cannot substitute our judgment for that of the finder of fact. Id. Moreover, where the trial court has ruled on the weight claim below, our role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim. Commonwealth v. McCloskey, 835 A.2d 801, 809 (Pa. Super. 2003). A trial judge cannot grant a new trial due to a mere conflict in testimony or because he would have arrived at a different conclusion on the same facts. Commonwealth v. Edwards, 903 A.2d 1139, 1148 (Pa. 2006). Instead, a new trial should be granted "only in truly extraordinary circumstances[.]" Id. at 1149.

Here, Thorne claims that the victim, who was eleven years old at the time of trial, made statements to her mother and a caseworker that conflicted with her testimony at trial. He also claims that the victim's trial testimony

---

[9] In accordance with Pa.R.Crim.P. 607(A), Thorne preserved his weight of the evidence claim in his post-sentence motion. See Post-Sentence Motion, 4/22/19.

conflicted with the version of events she provided to her mother and a forensic interviewer prior to trial. Appellant's Brief, at 21.

The trial court concluded that the verdict was not against the weight of the evidence, finding the testimony of the victim to be credible and reliable enough for the jury to return a guilty verdict. See Commonwealth v. Palo, 24 A.3d 1050, 1055 (Pa. Super. 2011) ("An appellate court cannot substitute its judgment for that of the jury on issues of credibility."). It is the jury's function to weigh the evidence, and it is free to accept all, part, or none of the evidence. Commonwealth v. Hopkins, 67 A.3d 817, 820 (Pa. Super. 2013). Further, it is well-established that "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." Commonwealth v. Castelhun, 889 A.2d 1228, 1232 (Pa. Super. 2005) (citing Commonwealth v. Bishop, 742 A.2d 178, 189 (Pa. Super. 1999)); see also Commonwealth v. Trimble, 615 A.2d 48, 50 (Pa. Super. 1992) (testimony of child victim alone sufficient to support conviction for sex offenses).

The victim's failure to tell her mother about the assault after the first instance of abuse and the inconsistencies in the victim's testimony to which Thorne points were explained by the victim, and were typical of a confused, frightened, and victimized child: "I thought I was gonna get in trouble." N.T. Jury Trial, 2/4/19 at 54; "I thought . . . that they would take me away from my mom[.]" Id. at 60; "I thought it was embarrassing to tell." Id. at 63; "I

was scared to tell them that I was actually touched." Id. at 103. The manipulation of a child's fears and guilt is implicit in these types of offenses.

Simply put, Thorne asks this Court to re-weigh the evidence. This is improper and we decline to do so. See Champney, supra. Accordingly, after an independent review of the record, we find no palpable abuse of discretion. McCloskley, supra.

In his final two issues, Thorne challenges the constitutionality of his lifetime registration requirement. He contends that the imposition of lifetime registration, without a jury's determination of an offender's future dangerousness, violates Apprendi v. New Jersey, 530 U.S. 466 (2000), where the United States Supreme Court held "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed; [i]t is equally clear that such facts must be established by proof beyond a reasonable doubt." Id. at 490. See Appellant's Brief, at 28-29. Thorne claims "[t]his determination was not subjected to an individualized, adversarial process, nor has it been determined beyond a reasonable doubt. In effect, it creates an irrefutable and irrebuttable presumption against the offender." Id. at 33. Thorne also argues that his lifetime registration requirements violate his state and federal constitutional protections against cruel and unusual punishment. Appellant's Brief, at 33. As Thorne correctly observes in his brief, at the time he filed his appeal, these issues were pending in the Pennsylvania Supreme Court. While his case was pending before this Court, the Supreme Court

decided Commonwealth v. Torsilieri, 232 A.3d 567 (Pa. 2020).[10]  Thorne's

challenges to his registration requirements were presented for the first time

in his appellate brief.   We are constrained, therefore, to find Thorne's claims

waived on appeal.  See Pa.R.A.P. 302(a).  See Commonwealth v. Reslink,

2020 PA Super 289 (filed Dec. 18, 2020).

Judgment of sentence affirmed.

_____

[10]  In Torsilieri, the Pennsylvania Supreme Court addressed these constitutional challenges to Revised Subchapter H.  The Court acknowledged that, based on evidence the defendant had presented in the trial court, he posed "colorable constitutional challenges" to Revised Subchapter H's registration and notification provisions based upon his asserted refutation of two critical legislative determinations: (1) that all sex offenders pose a high risk of recidivism; and (2) that the tier-based registration system of Revised Subchapter H protects the public from the alleged danger of recidivist sex offenses. Id. at 573-74.  Notwithstanding the defendant's proffered evidence, however, the Court decided it was unable to conclude based upon the record before it whether defendant had sufficiently undermined the validity of the legislative findings supporting Revised Subchapter H's registration and notification provisions, especially in light of the Commonwealth's contradictory scientific evidence produced on appeal. Id. at 585.  Noting that "it is not the role of an appellate court to determine the validity of the referenced studies based on mere citations rather than allowing the opportunity for the truths to develop through a hearing on the merits of the evidence," the Court remanded to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting sex offenders' constitutional rights. Id.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/24/2020