J-S07034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS MICHAEL FRISCH, JR. | : | |
| | : | |
| Appellant | : | No. 1860 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 9, 2022
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000208-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS MICHAEL FRISCH, JR. | : | |
| | : | |
| Appellant | : | No. 1861 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 9, 2022
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000210-2020

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED DECEMBER 29, 2023**

Appellant, Thomas Michael Frisch, Jr., appeals from the judgment of sentence entered in the Wayne County Court of Common Pleas, following his guilty plea to two counts of homicide by motor vehicle, two counts of driving under the influence ("DUI"), and one count of aggravated assault by motor

vehicle.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with multiple offenses at docket No. 210-2020, in relation to a collision on April 8, 2020, during which Appellant's vehicle entered the opposing lane of traffic and struck a vehicle head on, resulting in the deaths of the two occupants in the vehicle Appellant struck. The responding officer noted that Appellant demonstrated multiple indicia of impairment.  Appellant was taken for a blood test but the facility was unable to successfully draw blood from Appellant's veins and a test could not be completed.  A urine screen conducted on April 11, 2020, approximately 30 hours after the accident, showed a positive result for methadone, amphetamines, benzodiazepines, and THC.

At docket No. 208-2020, the Commonwealth charged Appellant with multiple offenses in relation to another collision which occurred on May 22, 2020.  On this occasion, Appellant was driving erratically, struck a guard rail, and collided head on with a vehicle traveling in the opposing lane of traffic, resulting in serious injuries to the driver of the other vehicle.  The responding police officer noted that Appellant displayed several signs of impairment. Appellant submitted to a blood test, which showed the presence of fentanyl, norfentayl, ketamine, norketamine, trazodone, THC, methadone, and EDDP,

---

[1] 75 Pa.C.S.A. §§ 3732(a), 3802(d)(2), and 3732.1(a), respectively.

the metabolite of methadone.

On May 3, 2022, Appellant pled guilty to aggravated assault by motor vehicle and DUI at docket No. 208-2020, and two counts of homicide by motor vehicle and one count of DUI at docket No. 210-2020. Although the Commonwealth agreed to drop certain charges in exchange for the plea, there was no agreement as to sentencing. On June 9, 2022, the court imposed sentences in the aggravated range to be served consecutively, resulting in an aggregate sentence of 111 months to 312 months' incarceration.[2] Appellant filed a timely post-sentence motion, which the court denied on June 17, 2022. On July 15, 2022, Appellant filed a timely notice of appeal at each docket. On July 20, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied on August 10, 2022. On October 28, 2022, Appellant filed a motion in this Court to consolidate the appeals, which this Court granted on November 1, 2022.

_____

[2] For Appellant's homicide by vehicle convictions, the court utilized an offense gravity score ("OGS") of 8 based on Appellant's DUI conviction arising from the same criminal incident. This OGS is higher than a conviction for homicide by vehicle, without a contemporaneous DUI conviction. **See** 204 Pa.Code 303.15 (providing that OGS for homicide by vehicle where DUI conviction also results from criminal incident is 8; whereas, homicide by vehicle with no additional factors present is 6). Likewise, for Appellant's aggravated assault by vehicle conviction, the court utilized an OGS of 7 based on Appellant's DUI conviction arising from the same criminal incident, which is higher than the OGS for aggravated assault by vehicle without a contemporaneous DUI conviction. **See id.** (providing that OGS for aggravated assault by vehicle where DUI conviction also results from criminal incident is 7; whereas, aggravated assault with no additional factors present is 5).

- 3 -

Appellant raises the following issues for our review:

> 1. Is the enhanced sentence imposed on the conviction for homicide by vehicle and aggravated assault by vehicle illegal?
>
> 2. Did the trial court abuse its discretion by imposing manifestly excessive sentences, and disproportionate to the circumstances, both individually and in the aggregate, placed at the highest level of the aggravated range of the sentencing guidelines, by failing to consider the mitigating circumstances and analyze or consider the rehabilitative needs of [Appellant], impact upon the community and actual need for the protection of the public under 42 Pa.C.S.A. § 9721(b) of the Pennsylvania Sentencing Code and by disregarding or failing to consider [Appellant's] characteristics including his age, serious addiction and mental health issues, acceptance of responsibility, and expression of remorse?
>
> 3. Did the trial court abuse its discretion and impose a manifestly excessive sentence, in each case, by running the sentences imposed for DUI consecutive to the offenses of homicide by vehicle and aggravated assault by vehicle?

(Appellant's Brief at 6).

Preliminarily, we note that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Additionally, issues not raised in a Rule 1925(b) concise statement of errors will be deemed waived. *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005). Regarding preservation of challenges to a sentence, our Supreme Court has held:

> Where a claim concerns the sentencing court's exercise of discretion in fashioning a sentence, the defendant must preserve and present the claim at trial by way of a contemporaneous objection and/or a post-trial motion and on appeal through the process provided by 42 Pa.C.S. §

- 4 -

9781(b) and Pa.R.A.P. 2119(f). Where a claim concerns the sentencing court's authority to impose a sentence, it is reviewable as of right on direct appeal, without regard to preservation of the claim. [A] determination that a claim implicates the legality of a sentence ... operates to revive a claim otherwise insufficiently preserved below, and is reviewable by this Court on permissive appeal.

*Commonwealth v. Weir*, 662 Pa. 402, 417, 239 A.3d 25, 34 (2020) (internal citations omitted).

In determining whether a claim concerns the legality of the sentence or the discretionary aspects of the sentence, our Supreme Court has stated:

[T]he inquiry is whether, assuming the appellant's claim prevails, the result would be that the trial court lacked authority to impose the sentence at issue. If so, then the appellant's challenge implicates the legality of his sentence. Conversely, if the challenge is not to the existence of certain authority but to the exercise of that authority, then the challenge goes to the discretionary aspects of a sentence, not to its legality.

*Commonwealth v. Prinkey*, ___ Pa. ___, ___, 277 A.3d 554, 563-64 (2022). The Court further outlined four broad categories of challenges that implicate the legality of the sentence:

First, a claim that a sentence was imposed pursuant to a facially unconstitutional sentencing statute is a legality challenge because, if the claim prevails, the sentence was imposed under statutory authority that never lawfully existed….

The second category encompasses allegations that a sentence was imposed without the fulfillment of statutory preconditions to the court's sentencing authority…. Here too, a successful challenge means that the court issued a sentence that it lacked the statutory authority to impose. In other words, if the sentencing statute at issue conditions the court's authority to impose a sanction upon the existence of

- 5 -

attendant circumstances, and if those circumstances were not present, then the court lacked statutory authority to impose the sentence, even though the unfulfilled conditions may not raise an issue of constitutional dimension….

The third category of legality challenges encompasses those claims that allege a violation of a substantive restriction that the Constitution places upon a court's power to apply the statutory sentence to the defendant. Here, the linchpin is that there is a constitutional barrier to the court's ability to wield the sentencing power granted by a facially constitutional statute, not that the trial court exercised its statutory power in a way that violated the Constitution. If either the United States Constitution or the Pennsylvania Constitution places a restriction upon the power of a court to impose a particular sentence in certain circumstances, and if the appellant's claim is that those circumstances exist in his or her case, then the challenge necessarily sounds in legality….

Finally, a sentence is illegal where the statutory support for the underlying conviction is void *ab initio*…. This fourth class of legality challenges is distinct from the others inasmuch as it implicates the validity of the conviction.

*Id.* at 562-63 (internal citations omitted).

Here, Appellant concedes that he raised his first issue for the first time on appeal. Nevertheless, Appellant asserts that this issue is not waived because his claim involves the legality of the sentence. Specifically, Appellant argues that his sentences for homicide by vehicle and aggravated assault by vehicle are illegal because the court relied on an OGS which was increased because of Appellant's contemporaneous DUI conviction pursuant to 204 Pa.Code 303.15. Nevertheless, Appellant insists that under 75 Pa.C.S.A. § 3732(b) and 3732.1(b), DUI is not listed as an offense for which the Sentencing Commission is permitted to impose a sentencing enhancement

when that offense is committed in the same criminal incident as homicide by vehicle or aggravated assault by vehicle.[3] As such, Appellant contends that

---

[3] **See** 75 Pa.C.S.A. § 3732, which defines the offense of homicide by vehicle, and provides in relevant part:

> (b) Sentencing.—
>
> (1) In addition to any other penalty provided by law, a person convicted of a violation of subsection (a) may be sentenced to an additional term not to exceed five years' confinement if at trial the prosecution proves beyond a reasonable doubt that the offense occurred in an active work zone.
>
> (1.1) In addition to any other penalty provided by law, a person convicted of a violation of subsection (a) who is also convicted of a violation of section 1501 (relating to drivers required to be licensed), 1543 (relating to driving while operating privilege is suspended or revoked), 3316 (relating to prohibiting text-based communications), 3325 (relating to duty of driver on approach of emergency vehicle) or 3327 (relating to duty of driver in emergency response areas and in relation to disabled vehicles) may be sentenced to an additional term not to exceed five years' confinement.
>
> (2) The prosecution must indicate intent to proceed under this section in the indictment or information which commences the prosecution.
>
> (3) The Pennsylvania Commission on Sentencing, pursuant to 42 Pa.C.S. § 2154 (relating to adoption of guidelines for sentencing), shall provide for a sentencing enhancement for an offense under this section when the violation occurred in an active work zone or the individual was also convicted of a violation of section 1501, 1543, 3316, 3325 or 3327.

75 Pa.C.S.A. § 3732(b).
*(Footnote Continued Next Page)*

the Sentencing Commission exceeded its limited authority by including a DUI conviction as an additional factor which increases the OGS for these offenses. Appellant asserts that this claim implicates the legality of the sentence because it falls into the third category set forth in **Prinkey**. We disagree.

This Court recently considered a similar issue in **Commonwealth v. Mont**, 266 A.3d 646 (Pa.Super. filed October 22, 2021) (unpublished memorandum),[4] *appeal denied*, ___ Pa. ___, 278 A.3d 300 (2022). In **Mont**, the appellant claimed the Sentencing Commission exceeded its authority by assigning a disproportionately higher OGS for the offense of possessing a gun with an altered manufacturer's number than that for the offense of altering or obliterating marks of identification. On appeal, this Court analyzed whether the appellant's claim implicated the legality of his sentence. This Court noted that claims that the sentencing court used the incorrect OGS involve the discretionary aspects of sentencing and must be properly preserved. This Court acknowledged that the appellant was challenging the Sentencing Commission's promulgation of the guidelines rather than the sentencing court's application of the guidelines but found this distinction to be negligible.

_____

This language is mirrored nearly verbatim in 75 Pa.C.S.A. § 3732.1, which defines the offense of aggravated assault by vehicle, except that it states that a defendant may be sentenced to an additional term not to exceed two years' confinement. **See** 75 Pa.C.S.A. § 3732.1(b).

[4] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions filed in this Court after May 1, 2019 for their persuasive value).

The appellant's claim, while styled as a challenge to the legality of the sentence, was essentially just an argument that the court should have used a lower OGS for his crimes. The **Mont** Court concluded that the appellant's claim was more akin to a question involving the application of the sentencing guidelines rather than a challenge to the sentencing court's authority to impose the sentence. As such, the appellant's claim did not implicate the legality of the sentence and was waived for failure to preserve the issue before the trial court.

As in **Mont**, Appellant claims that his sentence is illegal because the Sentencing Commission exceeded its authority in promulgating the OGS for his convictions. Although styled as a challenge to the legality of the sentence, Appellant is essentially arguing that the OGS for his convictions should have been lower, which does not bring into question the court's authority to impose the sentence. **See id. See also Prinkey, supra**. Thus, Appellant has failed to establish that his first claim implicates the legality of his sentence, and it is waived for failure to preserve the issue at the trial court level.[5] **See** Pa.R.A.P. 302(a); **Castillo, supra**.

In his second and third issues combined, Appellant claims the court imposed a manifestly excessive sentence by sentencing Appellant to the

---

[5] Moreover, we note that the court did not apply a five-year sentencing enhancement under Section 3732(b) or 3732.1(b). Rather, the court increased the OGS for Appellant's crimes of homicide by vehicle and aggravated assault by vehicle under 204 Pa.Code 303.15.

- 9 -

highest end of the aggravated range of the sentencing guidelines for each of the offenses and ordering that they be served consecutively. Appellant asserts that the court based its decision almost exclusively on its perception that Appellant lacked remorse due to Facebook posts that Appellant made, even though the posts were from two years prior to sentencing when Appellant was still under the influence of his addiction. Appellant contends that the court failed to consider Appellant's actions since he made the Facebook posts, including accepting full responsibility for his offenses, taking steps to control his addiction, writing several letters of apology to the families of the victims, and cooperating with the victims' families in a civil litigation.

Appellant also asserts that the court further ignored other mitigating factors such as Appellant's age, personal characteristics, and struggle to overcome cancer and addiction throughout his life. Appellant insists that the court's only aim was to punish Appellant without giving due consideration to Appellant's rehabilitative needs. Appellant further argues that the DUI sentences should not have been imposed consecutive to the homicide by vehicle and aggravated assault by vehicle charges because the DUI charges stemmed from the same conduct as the greater offenses and the OGS's for the greater offenses were already increased by the related DUI convictions.[6] Appellant maintains that the sentence imposed does not comport with

---

[6] Appellant concedes that DUI does not merge with homicide by vehicle or aggravated assault by vehicle. (**See** Appellant's Brief at 49 n.9).

- 10 -

confinement necessary and consistent with the goals of the Sentencing Code, and what was necessary to protect the public, reflect the gravity of the offense, and Appellant's rehabilitative needs. Appellant concludes that the court abused its sentencing discretion, and this Court should vacate the judgment of sentence. We disagree.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting **Commonwealth v. Hyland**, 875 A.2d 1175, 1183 (Pa.Super. 2005)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571

- 11 -

Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Phillips, supra* at 112 (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011)).

"[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, 629 Pa. 636, 105 A.3d 736 (2014). *See also Commonwealth v. Trimble*, 615 A.2d 48 (Pa.Super. 1992) (holding defendant's claim that court failed to consider factors set forth under Section 9721(b) and focused solely on seriousness of defendant's offense raised substantial question).

Additionally:

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (internal citations and quotation marks omitted). ***See also Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa.Super. 1995) (stating appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently).

Assuming an appellant can invoke our jurisdiction to review the claim, this Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

***Commonwealth v. McNabb***, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting ***Commonwealth v. Hess***, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

"[A] court is required to consider the particular circumstances of the

offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.*** If the sentencing court has the benefit of a [pre-sentence investigation ("PSI")] report, the law presumes the court was aware of the relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors. ***Commonwealth v. Tirado***, 870 A.2d 362 (Pa.Super. 2005).

When considering the propriety of imposing an aggravated range sentence, this Court has observed:

> [T]he guidelines were implemented to create greater consistency and rationality in sentencing. The guidelines accomplish the above purposes by providing a normal for comparison, *i.e.*, the standard range of punishment, for the panoply of crimes found in the crimes code and by providing a scale of progressively greater punishment as the gravity of the offense increases….
>
> The provision of a "norm" also strongly implies that deviation from the norm should be correlated with facts about the crime that also deviate from the norm for the offense, or facts relating to the offender's character or criminal history that deviates from the norm and must be regarded as not within the guidelines contemplation. Given this predicate, simply indicating that an offense is a serious, heinous or grave offense misplaces the proper focus. The focus should not be upon the seriousness, heinousness or egregiousness of the offense generally speaking, but, rather upon how the present case deviates from what might be regarded as a "typical" or "normal" case of the offense under consideration.

> An aggravated range sentence … will thus be justified to the extent that the individual circumstances of [an appellant's] case are atypical of the crime for which [he] was convicted, such that a more severe punishment is appropriate.

*Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa.Super. 2006) (internal citation omitted).

Instantly, Appellant's assertion that the sentence imposed was manifestly excessive in conjunction with his claim that the court failed to weigh his rehabilitative needs and/or consider mitigating factors raises a substantial question. *See Raven, supra*. Likewise, his sentencing claim that the court failed to consider the factors set forth under Section 9721(b) and focused solely on the seriousness of his offenses raises a substantial question. *See Trimble, supra*. Accordingly, we proceed to address the merits of these sentencing challenges.

Here, the court had the benefit of a PSI report, defense counsel's arguments, statements from Appellant and his mother, letters written on Appellant's behalf, and a mental health evaluation of Appellant. Thus, we can presume that the court was fully aware of and considered mitigating factors such as Appellant's background, history of cancer and substance abuse, and his more recent progress in addressing his addiction. *See Tirado, supra*.

In its sentencing order, the court explained:

> The … sentence is in the aggravated range due to the court's beliefs and findings in [Appellant]'s [PSI report], further due to [Appellant] showing no remorse evident by his Facebook posting, repeat pattern of drug induced criminal behavior, committing these offenses while pending disposition in

> Lackawanna County, prior convictions that are not calculated in the prior record score, and a lesser sentence would depreciate the seriousness of the crimes.

(Sentencing Order, filed 6/9/22, at 3).

The court noted that Appellant already had a DUI charge pending when he caused the two accidents in this case, which resulted in the deaths of two individuals and the serious injury of another. The court further noted that immediately following the first accident involving the deceased victims, Appellant made a Facebook post blaming the victims for the collision, demonstrating a lack of accountability and remorse for his actions even in the face of such serious consequences. Further demonstrating Appellant's lack of accountability, Appellant continued to engage in the same criminal conduct after the first accident, causing another accident resulting in serious injuries to another. At sentencing, the court recognized that Appellant's addiction played a big part in his criminal actions but noted that Appellant's history and actions in this case demonstrated a lack of commitment to recovery and showed that Appellant poses a risk to the community. The court further acknowledged Appellant's subsequent progress with recovery, reviewed the letters of remorse Appellant sent to the victims and their families, and considered Appellant's rehabilitative needs. Ultimately, however, the court determined that the circumstances of this case warranted a sentence in the aggravated range. Although Appellant claims the court should not have considered the Facebook posts which Appellant made while under the

influence, the record shows the court also considered Appellant's later progress with recovery. On this record, we discern no abuse of discretion in court's determination that a sentence in the aggravated range was appropriate. *See Fullin, supra*; *McNabb, supra*. Accordingly, Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing, and we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/29/2023