J-S43022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TROY MICHAEL MILLER | : | |
| | : | |
| Appellant | : | No. 739 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 3, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0003639-2022

BEFORE:   McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                    **FILED: FEBRUARY 21, 2024**

Appellant, Troy Michael Miller, appeals from the judgment of sentence entered in the Berks County Court of Common Pleas, following his open guilty plea to stalking.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 8, 2023, Appellant entered an open guilty plea to stalking Tara Rissmiller ("Victim").  On April 3, 2023, the trial court conducted a sentencing hearing.  Victim submitted a victim impact statement for the court's consideration.  In the statement, Victim relayed that she has been dealing with Appellant's unwanted presence in her life for five years.  Victim described

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §2709.1(a)(1).

how she constantly feels the need to look over her shoulder and stay hypervigilant out of fear that Appellant will appear. Victim stated that she panics when she is in a place where she cannot easily leave because she is afraid that Appellant will appear. Victim explained that her hands start to shake, her heart beats fast, and she gets chest pains whenever she sees a white car because she is afraid that Appellant is inside. Victim expressed distress that her coworkers, friends and loved ones, including her daughter, are afraid for her safety due to Appellant's actions. Victim further stated that Appellant has previously been convicted for violating protection from abuse ("PFA") orders she had in place. Nevertheless, Appellant was not deterred from engaging in the same conduct because Appellant showed up at her workplace the day after he was released from prison.

Appellant's counsel informed the court that Appellant's brother passed away approximately seven months prior to Appellant's criminal behavior. Additionally, Appellant learned that his stage 4 prostate cancer was terminal. Appellant's counsel argued that the mental stress and anguish from these circumstances led to the deterioration of Appellant's mental health and contributed to his actions against Victim. Appellant's counsel reported that Appellant has sought psychiatric help but the provider he initially consulted did not accept Appellant's insurance. Appellant was seeking a provider that accepts his insurance to address his mental health concerns. Appellant also addressed the court and stated that he was sorry for his actions. Appellant

further affirmed that he would seek psychiatric help for his mental health struggles.

At the conclusion of the hearing, the court sentenced Appellant to 8 to 23 months of incarceration followed by two years of probation. On April 12, 2023, Appellant timely filed a post-sentence motion, which the court denied on April 18, 2023. Appellant timely filed a notice of appeal on May 17, 2023. On May 25, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied on June 14, 2023.

Appellant raises the following issue for our review:

> In sentencing [Appellant] to a sentence of total confinement of 8 to 23 months in Berks County Jail System, followed by two years' probation, whether the trial court abused its sentencing discretion where requirements of 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9725 were not met?

(Appellant's Brief at 7).

Appellant argues that the court failed to consider mitigating factors such as the death of Appellant's brother, Appellant's stage 4 cancer diagnosis, and Appellant's resulting mental health deterioration, prior to imposing his sentence. Appellant asserts that the court's excessive sentence for his non-violent offense demonstrates that the court did not truly consider whether the protection of the public or the gravity of the offense warranted such a harsh sentence. Appellant further contends that the court did not properly weigh Appellant's rehabilitative potential because Appellant took responsibility for

his actions, expressed remorse for the hurt he caused, and took steps to address his mental health concerns. Appellant concludes that the court imposed a manifestly excessive sentence without properly considering mandatory sentencing criteria, such as Appellant's character, personal history, and rehabilitative needs, and this Court should vacate the judgment of sentence. We disagree.

As presented, Appellant's claim challenges the discretionary aspects of sentencing. *See Commonwealth v. Clarke*, 70 A.3d 1281 (Pa.Super. 2013), *appeal denied*, 624 Pa. 671, 85 A.3d 481 (2014) (stating contention that court focused solely on serious nature of crime without adequately considering protection of public or defendant's rehabilitative needs concerns court's sentencing discretion); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting ***Commonwealth v. Hyland***, 875 A.2d 1175, 1183 (Pa.Super. 2005)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Phillips, supra*** at 112 (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's

actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011)).

"[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, 629 Pa. 636, 105 A.3d 736 (2014). *See also Commonwealth v. Trimble*, 615 A.2d 48 (Pa.Super. 1992) (holding defendant's claim that court failed to consider factors set forth under Section 9721(b) and focused solely on seriousness of defendant's offense raised substantial question).

This Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

*Commonwealth v. McNabb*, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting *Commonwealth v. Hess*, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with

the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, "a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id.*

> …Where the sentencing court had the benefit of a [pre-sentence investigation ("PSI") report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See* [*Cruz-Centeno, supra*] (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010).

Instantly, Appellant raised his sentencing issue in a timely post-sentence motion, filed a timely notice of appeal, and included in his appellate brief a Rule 2119(f) statement. Further, Appellant's assertion that the

sentence was manifestly excessive in conjunction with his claim that the court failed to weigh his rehabilitative needs and/or consider mitigating factors arguably raises a substantial question. *See Raven, supra*; *Trimble, supra*. Thus, we proceed to address the merits of Appellant's sentencing claims.

Here, the court had the benefit of a PSI report, defense counsel's arguments, and Appellant's statements at sentencing. Under these circumstances, we can presume the court was fully aware of and considered mitigating factors such as the death of Appellant's brother, Appellant's cancer diagnosis, and his mental health struggles. *See Tirado, supra*. Additionally, the court imposed a sentence within the standard range. As such, we see no merit to Appellant's claim that the sentence was excessive. *See Moury, supra*.

Additionally, the record makes clear the court considered the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs. In her victim impact statement, Victim indicated that Appellant has been an unwanted presence in her life for an extended period. Although Appellant did not physically harm Victim, her statement indicates that she suffered significant emotional distress due to Appellant's actions. Notwithstanding Appellant's expression of remorse at sentencing, Appellant had two prior convictions for indirect criminal contempt for PFA violations involving Victim, and Victim noted that the convictions did not deter Appellant from continuing the same conduct. On this record, we see no reason to disrupt the court's

sentencing discretion.  ***See McNabb, supra***.  Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/21/2024