J-S32032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES DALLAS D GREEN | : | |
| | : | |
| Appellant | : | No. 3121 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002204-2019

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED OCTOBER 17, 2024**

Appellant, Charles Dallas D. Green, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty plea to third degree murder, robbery, and possessing instruments of crime ("PIC").[1] We affirm.

The relevant facts and procedural history of this case are as follows. On June 30, 2021, Appellant entered an open guilty plea to the aforementioned offenses. Appellant agreed to the following factual basis for his plea:

> On March 7, 2019, around 6:29 a.m., police responded to a report of a stabbing on the subway concourse at Broad and Spruce Streets in Philadelphia, PA. Police located the decedent, Michael Warren [("Victim")], who was 41 years old, at the top of the subway stairs suffering from multiple stab wounds to the head and chest. Medics transported [V]ictim to Hahnemann Hospital where he was pronounced deceased … at 7:49 a.m. that day.

---

[1] 18 Pa.C.S.A. §§ 2502(c), 3701(a), and 907, respectively.

The remains of [Victim] were examined by Dr. Victoria Sorokin of the Philadelphia Medical Examiner's Office. She determined that the immediate cause of death was a stab wound to the chest and the manner of death was homicide. She noted eight stab wounds and blunt impact injuries. The injuries she noted were as follows: a stab wound to the forehead, a stab wound to the left temporal region of the head, a stab wound to the left chest, two stab wounds to the right back, a stab wound to the anterior left arm, two stab wounds to the posterior left arm, and abrasions to [V]ictim's head.

Video recovered depicts the stabbing. [Appellant] is shown standing inside the subway station, and as [V]ictim walks up behind [Appellant], [Appellant] turns around and punches [Victim]. [Appellant] and [V]ictim begin fighting inside the concourse. [Appellant] begins chasing [V]ictim, and [V]ictim drops items on the ground. [Appellant] corners [V]ictim while stabbing him multiple times. [V]ictim, then, walks out of the subway where he eventually collapses. [Appellant], then, retrieves the items [V]ictim threw to the ground.

…[Appellant] was stopped near 15th and Market Streets a short time after the stabbing because he fit the flash [description] and his hand was bandaged and bleeding. When he was stopped, he volunteered that he and his cousin had a fight in the subway, and he said he was defending himself. He further indicated that they had been in a fight for over a week, and [Appellant] felt that his cousin had been disrespecting him.

A bloody pocketknife was recovered from [Appellant]'s pocket along with cash. Later, [Appellant] … gave a statement to homicide detectives. [Appellant] initially claimed self-defense, but then he was shown video footage contradicting his account. [Appellant] identified himself and [V]ictim, whom he called Mikey…. [Appellant] also eventually admitted to having a knife. He also admitted that he believed Mikey owed him money[. D]uring that fight, he told Mikey to give him his money, and then Mikey threw money and the other items from his jacket on the ground.

(N.T. Plea Hearing, 6/30/21, at 14-17). The court accepted the guilty plea as knowing, intelligent, and voluntary. The court further ordered the preparation of a pre-sentence investigation ("PSI") report.

On September 8, 2021, the court conducted a sentencing hearing. Victim's father, fiancée, and daughter gave statements to the court expressing the lasting impact that Victim's death had on their lives. Appellant exercised his right to allocution and stated:

> Your Honor, I want to say to this family that I apologize. It wasn't my intention to harm him or kill him. I really only like – I cry. I cried when it happened. I cry. I cry now. You know what I'm saying? I apologize to his daughter, most of all. I know how it is to lose a parent. And that's all. I apologize.

(N.T. Sentencing Hearing, 9/8/21, at 29). After hearing all testimony and arguments from counsel, the court sentenced Appellant as follows: 18½ to 37 years' incarceration for the third-degree murder conviction; 9½ to 19 years' incarceration for the robbery conviction, to run consecutively; and no further penalty for the PIC conviction.

On October 8, 2021, Appellant timely filed a notice of appeal. Before this Court completed review of Appellant's appeal, Appellant prematurely filed a petition under the Post Conviction Relief Act ("PCRA") on May 16, 2022. On December 28, 2022, this Court affirmed the judgment of sentence, finding that Appellant had waived his sole issue on appeal by failing to file a post-sentence motion. *See Commonwealth v. Green*, 290 A.3d 701 (Pa.Super. 2022) (unpublished memorandum). On January 31, 2023, Appellant filed an

amended PCRA petition, seeking reinstatement of his post-sentence motion and direct appeal rights. On September 13, 2023, the court granted Appellant's PCRA petition and reinstated Appellant's rights *nunc pro tunc*.

On September 14, 2023, Appellant filed a post-sentence motion *nunc pro tunc*, which the court denied on November 3, 2023. Appellant filed a timely notice of appeal *nunc pro tunc* on Monday, December 4, 2023. On December 11, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant complied on December 18, 2023.

Appellant raises the following issue for our review:

> Did the sentencing court abuse its discretion in sentencing Appellant to an aggregate sentence [of] 28 to 56 years of incarceration (beyond even the Commonwealth's recommendation of 25 to 50 years) because the sentencing court did not adequately consider appropriate retribution, Appellant's rehabilitative needs (Appellant apologized and saved the [c]ourt time and resources by entering guilty pleas), Appellant's background and extensive mental health and substance abuse history, and specific and general deterrence and there were multiple consecutive and near maximum sentences with an associated robbery plea thereby effectively making Appellant's sentence a life sentence also without adequate justification and without consideration of [Victim's] role in some part initiating violence against Appellant?

(Appellant's Brief at 4).

Appellant asserts that the aggregate sentence of 28 to 56 years' imprisonment is effectively a life sentence considering that Appellant was 50 years old at the time he was arrested for the instant offense. Appellant argues

- 4 -

that the court failed to consider mitigating factors such as Appellant's history of severe mental health and substance abuse issues, Appellant's homelessness at the time of the incident, and Victim's role in initiating the altercation. Appellant contends that the court focused solely on the severity of the offense without giving due consideration to Appellant's potential for rehabilitation, and imposed a sentence that goes beyond what is needed to protect the public. Appellant concludes that the court abused its sentencing discretion by imposing an excessive sentence without justification and this Court should vacate the judgment of sentence. We disagree.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Perzel*, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 301 A.3d 426 (2023). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise

statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011)).

"[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal*

*denied*, 629 Pa. 636, 105 A.3d 736 (2014). ***See also Commonwealth v. Trimble***, 615 A.2d 48 (Pa.Super. 1992) (holding defendant's claim that court failed to consider factors set forth under Section 9721(b) and focused solely on seriousness of defendant's offense raised substantial question).

This Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

***Commonwealth v. McNabb***, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting ***Commonwealth v. Hess***, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, "a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for

rehabilitation." ***Id.***

> …Where the sentencing court had the benefit of a [PSI report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. ***See Commonwealth v. Cruz-Centeno***, [668 A.2d 536 (Pa.Super. 1995)], *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable).

***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010).

Additionally:

> Long standing precedent … recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. We will not disturb consecutive sentences unless the aggregate sentence is grossly disparate to the defendant's conduct, or viscerally appears as patently unreasonable.

***Commonwealth v. Brown***, 249 A.3d 1206, 1212 (Pa.Super 2021) (internal citations and quotation marks omitted). ***See also Commonwealth v. Zirkle***, 107 A.3d 127, 134 (Pa.Super. 2014), *appeal denied*, 632 Pa. 671, 117 A.3d 297 (2015) (reiterating that defendant "is not entitled to a 'volume discount' because the various crimes occurred in one continuous spree") (citation and

quotation marks omitted).

Instantly, Appellant raised his sentencing issue in a timely post-sentence motion *nunc pro tunc*, filed a timely notice of appeal *nunc pro tunc*, and included in his appellate brief the requisite Rule 2119(f) statement. Further, Appellant's assertion that the sentence was excessive in conjunction with his claim that the court failed to weigh his rehabilitative needs and/or consider mitigating factors arguably raises a substantial question. *See Raven, supra*; *Trimble, supra*. Thus, we proceed to address the merits of Appellant's sentencing claims.

Here, the court had the benefit of a PSI report, mental health report, defense counsel's arguments, and Appellant's statements at sentencing. Under these circumstances, we can presume the court was fully aware of and considered mitigating factors such as Appellant's background, struggles with mental health and substance abuse, and homelessness. *See Moury, supra*. Regarding Appellant's claim that the court did not consider Victim's role in initiating the altercation, the court noted that it considered the summary of facts to which Appellant pled guilty. Specifically, Appellant agreed that he initially claimed that he was acting in self-defense but upon being shown video footage, admitted that he believed Victim owed him money and Appellant attacked Victim with a knife.

Further, Appellant had an extensive criminal history, and his prior record score falls into the repeat felony 1 and felony 2 offender (RFEL) category. As

such, the sentence imposed by the court was within the recommended guideline range for both his convictions. Therefore, we see no merit to Appellant's claim that the sentence was excessive. *See id.*

Additionally, the record makes clear the court considered the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs. Appellant admitted to violently attacking Victim because he believed Victim owed him money. Appellant chased Victim around the subway concourse and stabbed Victim eight times after cornering him. Appellant then stole the items that Victim threw to the ground as he was being attacked. The court heard from Victim's family about the lasting impact that Victim's death had on their lives. Further, Appellant's criminal history, which dates back to 1982, included several burglaries and robberies and demonstrates an escalation in the seriousness of the offenses committed. At the time that Appellant committed the instant robbery/murder, Appellant was on probation for an earlier robbery. As such, the court concluded that consecutive sentences were warranted to protect the public and effectuate rehabilitative change for Appellant. *See Brown, supra*; *Zirkle, supra*. On this record, we see no reason to disrupt the court's sentencing discretion. *See McNabb, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2024