J-S46004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES WASHINGTON | : | |
| | : | |
| Appellant | : | No. 1487 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 20, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010860-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES WASHINGTON | : | |
| | : | |
| Appellant | : | No. 1488 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 20, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000389-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES WASHINGTON | : | |
| | : | |
| Appellant | : | No. 1489 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 20, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009161-2020

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

J-S46004-24

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: January 17, 2025**

James Washington appeals from the judgments of sentence,[1] entered in the Court of Common Pleas of Allegheny County, following probation violations stemming from convictions at three separate docket numbers.[2] After review, we affirm.[3]

After being released on probation on the above-referenced docket numbers, Washington violated his probation by failing to report to his probation officer and, ultimately, pleading guilty to murder and related offenses (murder case).[4] Following a **Gagnon**[5] hearing, the court imposed an

_____

[1] Washington filed three separate notices of appeal, one for each docket number, in compliance with the dictates of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), which held that when one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed. *See* Pa.R.A.P. 341.

[2] **See** CP-02-CR-0010860-2019 (robbery-serious bodily injury; criminal conspiracy—robbery; and possession of firearm by a minor); CP-02-CR-0009161-2020 (carrying a firearm without a license; possession with intent to deliver a controlled substance (PWID); possession of a controlled substance); and CP-02-CR-0000389-2021 (carrying a firearm without a license; person not to possess firearm; PWID; and two counts of possession of a controlled substance).

[3] On January 30, 2024, our Court, *sua sponte*, consolidated these appeals. *See* Pa.R.A.P. 513.

[4] On August 7, 2023, Washington pled guilty and was sentenced to a term of 10-24 years' incarceration for third-degree murder at an unrelated docket.

[5] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

- 2 -

aggregate probation violation sentence of 6½ to 13 years' imprisonment[6] and ordered that the sentences be served consecutively to any sentence Washington was currently serving.

Washington filed timely post-sentence motions claiming that the trial court abused its discretion by imposing an unreasonable and excessive sentence that failed to consider the sentencing factors set forth at 42 Pa.C.S.A. §§ 9721(b) and 9781, and not acknowledging that Washington was only twenty-one years old and had family support. The court denied the motion. Washington filed timely notices of appeal and court-ordered Pa.R.A.P. 1925(b) concise statements of matters complained of on appeal. Washington raises the following issue for our consideration: "Were the consecutive sentences of incarceration imposed manifestly excessive, unreasonable, and an abuse of discretion?" Appellant's Brief, at 2.

Washington raises a discretionary aspects of sentencing issue. We note that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). An appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, an appellant must

---

[6] Individually, the court imposed two sentences of 30-60 months of imprisonment each on CR-0009161 and CR-0000389; the sentence at CR-000389 was ordered to run consecutive to the sentence at CR-0009161. On CR-0010860, the court imposed a sentence of 18-36 months in prison and ordered that sentence to run consecutive to the sentence at CR-0000389.

petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*[7]

Before addressing his issue on appeal, we must consider whether Washington has preserved it for our review. Pennsylvania Rule of Appellate Procedure 1925(b) gives a trial court the power to order an appellant to file "in the trial court . . . a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b). Any issues not raised in an appellant's Rule 1925(b) statement will be deemed waived. *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). Moreover, any issue in a Rule 1925(b) statement "which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [Rule 1925(b) statement at all]." *Lineberger v. Wyerth*, 894 A.2d 141, 148 (Pa. Super. 2006).

---

[7] Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, [*see*] Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, [*see*] Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Myers*, 324 A.3d 528, 535 (Pa. Super. 2024) (citation omitted); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion").

Instantly, in his Rule 1925(b) statement, Washington baldly states that he "raises the following claim[]:  1) **Denial of Motion to Modify Sentence**." Statement of [Errors] Complained of on Appeal, 1/25/24, at 2 (emphasis in original).  The trial court notes that Washington "does not allege how the [trial c]ourt erred."  **See** Trial Court Opinion, 2/8/24, at 5.  As a result, the court was forced to "review[] this sole claim utilizing the reasons raised in [Washington's] Post-Sentence Motion." **Id.**

Because Washington failed to identify, with any specificity, his challenges with regard to the denial of his post-sentence motion, we find his claim on appeal waived.  **See Commonwealth v. Tyack**, 128 A.3d 254 (Pa. Super. 2015).  **See also Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008) (despite presence of trial court opinion, Court found claim waived on appeal due to vagueness of Rule 1925(b) statement).

Judgments of sentence affirmed.[8]

---

[8] Even if we had not determined that Washington waived his claim due to the vagueness of his Rule 1925(b) statement, we would still find he is entitled to no relief on appeal.  First, he waived his claim regarding the imposition of consecutive sentences by failing to include that claim in his post-sentence motion.  **Myers**, **supra**.  Moreover, even though Washington filed timely notices of appeal, included a Rule 2119(f) statement in his appellate brief, and raises a substantial question, **see Commonwealth v. Trimble**, 615 A.2d 48 (Pa. Super. 1992) (claim that court failed to consider section 9721(b) factors and focused solely on seriousness of offenses raised substantial question), the trial court did not abuse its discretion imposing the 6½-13-year probation revocation sentence.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse

*(Footnote Continued Next Page)*

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

1/17/2025

---

of that discretion, will not be disturbed on appeal." ***Commonwealth v. Hoover***, 909 A.2d 321, 322 (Pa. Super. 2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001). Moreover, once provation has been revoked, a court may impose a sentence of total confinement when: the defendant has been convicted of another crime; or the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c).

Here, the trial court based its sentence on the fact that, after only months out on probation for the violent crime of robbery, Washington committed third-degree murder while possessing multiple firearms. The court concluded that imposing anything other than consecutive sentences "would essentially be saying there [are] no consequences for violating supervision" and that "the only possible course of action in the [c]ourt's estimation is to conclude that a sentence of total confinement for the violation is necessary to address the seriousness of the convicted violations, to vindicate the authority of the [c]ourt, and because [the court believes that if it] doesn't impose [this sentence] Washington is likely to commit further offenses." Trial Court Opinion, 2/8/24, at 10-11, citing N.T ***Gagnon II*** Hearing, 11/20/23, at 15 -16.

- 6 -