J-A11024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RASHAAD HAKIEM GREEN | : | |
| Appellant | : | No. 1437 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 12, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000304-2024

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RASHAAD HAKIEM GREEN | : | |
| Appellant | : | No. 1438 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 12, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000306-2024

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| RASHAAD HAKIEM GREEN | : | |
| Appellant | : | No. 1439 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 12, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000312-2024

BEFORE: MURRAY, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED: MAY 30, 2025**

Appellant, Rashaad Hakiem Green, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his guilty pleas to two counts of theft by unlawful taking, and one count of conspiracy.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this matter are as follows. On June 20, 2024, Appellant entered three open guilty pleas.  At Docket No. 304-2024, he pled guilty to one count of theft by unlawful taking.  At Docket No. 306-2024, he pled guilty to one count of conspiracy to commit robbery of a motor vehicle.  At Docket No. 312-2024, he pled guilty to one count of theft by unlawful taking.

On September 12, 2024, with the benefit of a pre-sentence investigation ("PSI") report, the court sentenced Appellant to an aggregate term of 60 to 120 months of incarceration.  At each docket number, the court imposed a standard-range sentence but ordered that all sentences be served consecutively.  On September 20, 2024, Appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence.  On September 23, 2024, the court denied Appellant's motion.

On September 30, 2024, Appellant timely filed separate notices of appeal at each docket.  That same day, the court ordered him to file Pa.R.A.P.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3921 and 903, respectively.

1925(b) statements of errors complained of on appeal. On October 10, 2024, Appellant timely complied.

On December 30, 2024, counsel filed an **Anders**[2] brief and application to withdraw in this Court. On January 14, 2025, the Commonwealth filed a motion to consolidate the appeals, which this Court granted on January 30, 2025.

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **See Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d

---

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra** our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \*   \*   \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-179, 978 A.2d at 361.

Instantly, appellate counsel has filed an application to withdraw. The application states that counsel has reviewed the record and determined that there are no non-frivolous grounds for appeal. Counsel sent a copy of the

***Anders*** brief to Appellant. Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention.[3]

In the ***Anders*** brief, counsel summarized the facts and procedural history of Appellant's case. The argument section of the brief cites to portions of the record that might arguably support Appellant's claims on appeal. Counsel also provides the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of ***Anders*** and ***Santiago***. ***See Reid, supra***.

Counsel raises the following issue on Appellant's behalf:

> Whether the sentencing court abused its discretion in sentencing [Appellant] to consecutive sentences at the high end of the standard range without stating aggravating factors nor stating the mitigating factors addressed at the sentencing hearing, in the [PSI report], and post-sentence motion.

(***Anders*** Brief at 3).

On appeal, Appellant challenges the discretionary aspects of his sentence, contending that the imposition of consecutive sentences was manifestly excessive and an abuse of the court's discretion. "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." ***Commonwealth v. Perzel***, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 301 A.3d 426 (2023). Prior to reaching the merits of a discretionary sentencing issue:

---

[3] Appellant has not responded *pro se* or with privately-retained counsel.

- 5 -

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa.Super. 2011)).

Bald claims of excessiveness based upon the imposition of consecutive sentences do not raise substantial questions for our review. **Caldwell, supra** at 769. Rather, the decision to impose consecutive rather than concurrent sentences lies within the sound discretion of the trial court, and does not raise a substantial question unless the sentence is so "manifestly excessive in extreme circumstances that it may create a substantial question."

*Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa.Super. 2014), *appeal denied*, 632 Pa. 671, 117 A.3d 297 (2015) (citation omitted). In such cases, we have focused on "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." *Id.* at 133-34.

On the other hand, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, 629 Pa. 636, 105 A.3d 736 (2014). ***See also Commonwealth v. Trimble***, 615 A.2d 48 (Pa.Super. 1992) (holding defendant's claim that court failed to consider factors set forth under Section 9721(b) and focused solely on seriousness of defendant's offense raised substantial question).

Here, Appellant timely filed a post-sentence motion and notice of appeal and preserved his sentencing issue in his Rule 1925(b) statement and Pa.R.A.P. 2119(f) statement. While Appellant's challenge to the imposition of consecutive sentences, alone, would not constitute a substantial question, Appellant also argues that the trial court failed to adequately consider mitigating factors contained within the PSI report, including the fact that Appellant's mother was incarcerated, his father was killed when he was only five years old, that he had been abused in foster care, and that he suffered from mental health conditions and substance abuse disorder. Therefore, to the extent that Appellant claims his sentence is excessive, in conjunction with

his assertion that the court failed to properly consider various mitigating factors, he has arguably raised a substantial question for our review. ***See Raven, supra***.

This Court reviews discretionary sentencing challenges based on the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

***Commonwealth v. McNabb***, 819 A.2d 54, 55 (Pa.Super. 2003) (quoting ***Commonwealth v. Hess***, 745 A.2d 29, 30-31 (Pa.Super. 2000)).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Additionally, "a court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa.Super. 2002), *cert. denied*, 545 U.S. 1148, 125 S. Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Id.***

... Where the sentencing court had the benefit of a [PSI report], we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988). ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa.Super. 2005) (stating if sentencing court has benefit of PSI, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors).

***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010). Further:

[W]e note the "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." [***Zirkle, supra*** at 113]. It is well-accepted "in imposing a sentence, the trial [court] may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." ***Commonwealth v. Wright***, 832 A.2d 1104, 1107 (Pa.Super. 2003).

***Commonwealth v. Taylor***, 277 A.3d 577, 593 (Pa.Super. 2022).

Instantly, the trial court stated at sentencing that it had reviewed the sentencing guidelines, the PSI report, letters from the victims, and considered Appellant's acceptance of responsibility by entering guilty pleas. (***See*** N.T. Sentencing, 9/12/24, at 19-25). The court specifically noted Appellant's "rough start" and the court's intent to impose a sentence that reflected the serious nature of the offenses, but with the opportunity for Appellant to be released on parole as a young man. (***See id.*** at 20-21). Accordingly, the court imposed consecutive sentences in the higher end of the standard guideline range. (***Id.*** at 23-25).

The trial court further explained in its opinion:

In this case, the court read the [PSI report] prior to sentencing. The court heard from one of the victims in open court. In his statement, the victim believed that the defendant had a gun. His grandchildren were present at the time of the incident. Additionally, the victim stated that this incident would have lasting effects as the "harm caused was indelible and I think that harm will be lasting." A second victim submitted a statement that was read aloud in court. The victim stated that they now live in fear with constant anxiety. The court also heard the argument of the Commonwealth which noted the close proximity of the offenses to the victims' homes, families, and their personal property, as well as the threat to the community at large. All three offenses happened within days of each other. The court heard the arguments of defense counsel as well, which pointed the court to [Appellant's] willingness to plead guilty and take responsibility for the crimes. Defense counsel outlined [Appellant's] juvenile history as well as his time in foster care. Finally, this court heard from [Appellant]. [Appellant] gave a brief statement wherein he took responsibility for the offenses and apologized to the victims. This court acknowledged [Appellant's] statements as well as all arguments of counsel, the statements of the victims, as well as the [PSI report] and [Appellant's] prior record score of three, and imposed the above standard guideline range sentence and allowed [Appellant] to have credit for all time served.

As such, and in light of the above stated case law, the sentencing guidelines, the well-reasoned arguments of counsel, the victims and [Appellant's] statements, the court did not err in sentencing the defendant at the higher end of the standard guideline range.

(Trial Court Opinion, 11/1/24, at 4-6) (citations omitted).

The record reflects that the court had the benefit of a PSI report and considered the mitigating factors therein. Thus, the record belies Appellant's claim that the court failed to adequately consider mitigating factors in the record. *See Moury, supra*; *Tirado, supra*. Further, the court did not err or

abuse its discretion when it imposed consecutive sentences in this case, where it noted the seriousness of the offenses and their close proximity to the victims' homes as well as the threat to the community at large. ***See Taylor, supra***; ***Zirkle, supra***. On this record, we see no reason to disrupt the court's broad sentencing discretion. ***See McNabb, supra***. Further, our independent review of the record does not reveal any additional, non-frivolous issues. ***See Dempster, supra***; ***Palm, supra***. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/30/2025